Clarence WATSON, Plaintiff-
Appellant,

v.

Leroy STYNCHOMBE, Sheriff, et al.,
etc., Defendants-Appellees.

No. 74–2325

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 21, 1974.

Rehearing Denied Dec. 27, 1974.

Clarence Watson, pro se.

Arthur K. Bolton, Atty. Gen., Martin
H. Peabody, Atlanta, Ga., for defend-
ants-appellees.

Before GEWIN, GODBOLD and
CLARK, Circuit Judges.

PER CURIAM:

Watson sued the Sheriff and
Deputy Sheriff of Fulton County, Geor-
gia, under 42 U.S.C. § 1983, seeking
damages for the alleged wrongful with-
holding of personal property taken from
him upon his incarceration. He alleged
jurisdiction by virtue of 28 U.S.C. §§
1331 and 1343. The district court dis-
missed his petition on the ground that
it was a verbatim copy of a previous pe-
tition which had been dismissed for fail-
ure to state a civil rights cause of ac-
tion.[1]

We vacate and remand to the district
court for reconsideration in light of
Lynch v. Household Finance Corp., 405
U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424
(1972), which held that there is no dis-
tinction between personal liberties and

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v.
Citizens Casualty Co. of New York et al., 5
Cir. 1970, 431 F.2d 409, Part I.

1. This original dismissal was clearly for lack
of § 1983 based jurisdiction and expressly
preserved plaintiff's right to litigate his

property loss in state court. Defendants'
contention that it had res judicata effect is
not well taken. Hughes v. United States, 71
U.S. (4 Wall.) 232, 18 L.Ed. 303 (1866);
Tyler Gas Service Co. v. Federal Power
Commission [101 U.S.App.D.C. 184], 247 F.
2d 590 (1957); see Fed.R.Civ.P. 41(b).

property rights with respect to jurisdiction under 28 U.S.C. § 1343(3). *See* Montana v. Harrelson, 469 F.2d 1091 (5th Cir. 1972).

Vacated and remanded.