Pvt. Hervis M. ALLEN, Jr., et al., Appellants,

v.

PORT DRUM CO., INC., Appellee.

No. 09–88–250–CV.

Court of Appeals of Texas, Beaumont.

Aug. 31, 1989.

Rehearing Denied Oct. 17, 1989.

Dennis C. Reich, Houston, for appellants.

Stephen D. Susman, Houston, O.J. Weber, Beaumont, and Tracy K. Christopher, Houston, for appellee.

OPINION

BURGESS, Justice.

This is a summary judgment case based on res judicata. Appellants filed suit in the United States District Court for the Eastern District of Texas, Beaumont Division, on May 16, 1985. On December 16, 1985, appellee filed a motion to dismiss on the grounds that the court lacked subject matter jurisdiction and the complaint failed to state a claim upon which relief could be granted. On February 24, 1986, the federal judge signed an order granting the motion to dismiss. On March 5, 1986, appellants moved for a new trial. On April 10, 1986, a final take-nothing judgment was

entered. No appeal was taken in the federal system.[1] On April 24, 1986, appellants filed an original petition in state court which was virtually identical to the original complaint in federal court. On March 30, 1988, appellee moved for summary judgment on the grounds that the federal court's dismissal was res judicata. The state court granted the summary judgment on July 19, 1988. Appellants aver the granting of the summary judgment was error. We affirm.

■ Because the original judgment was entered in federla court, this court must follow the federal law of res judicata. *Jeanes v. Henderson*, 688 S.W.2d 100, 103 (Tex.1985). Under federal law, for a prior judgment to bar an action on the basis of res judicata, the parties must be identical, the prior judgment must have been rendered by a court of competent jurisdiction, there must have been a final judgment on the merits, and the same cause of action must be involved in both cases. *Kemp v. Birmingham News Co.*, 608 F.2d 1049, 1052 (5th Cir.1979).

■ There is no contention that the federal court which entered the first order and judgment is not a court of competent jurisdiction. Nor does appellant argue that the parties are not identical. While the original petition in state court and the original complaint in federal court were identical, appellants did file an amended petition in state court after the motion for summary judgment was filed. Under federal res judicata law, the test to determine whether the petitions are based upon the same cause of action is if the primary right and duty and the delict or wrong are the same in each action. *Hall v. Tower Land and Investment Company*, 512 F.2d 481, 483 (5th Cir.1975). Furthermore, a second cause of action is the same if it refers to all grounds for relief arising out of the conduct complained of in the original action. *Commercial Box & Lumber Co. v. Uniroyal, Inc.*, 623 F.2d 371, 374 (5th Cir.

---

1. Had appellants taken an appeal, they presumably could have had the dismissal clarified. *See Ehm v. National Railroad Passenger Corp.*, 732 F.2d 1250 (5th Cir.), *cert. denied*, 469 U.S. 982, 105 S.Ct. 387, 83 L.Ed.2d 322 (1984), which holds that when a court dismisses a case for lack of jurisdiction, it should not adjudicate the merits of the claim.

1980). Under these criteria, the cause of action was the same in both lawsuits. Thus, the only question remaining is whether the federal court's order and judgment were a final adjudication on the merits.

Appellants first argue that, under *FED.R.CIV.P. 41(b)*, a dismissal for lack of jurisdiction does not operate as an adjudication on the merits, and cite *Continental Casualty Co. v. Canadian Universal Ins. Co.*, 605 F.2d 1340 (5th Cir.1979), and *Watson v. Stynchombe*, 504 F.2d 393 (5th Cir. 1974). They are correct insofar as their argument relates to a dismissal strictly for lack of jurisdiction. The federal court dismissal was urged on two different grounds, and the order does not specify on which ground the dismissal was granted. *Weissinger v. United States*, 423 F.2d 795, 798 (5th Cir.1970), held that an order of dismissal was an adjudication upon the merits unless the order specified otherwise. *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1519 (5th Cir.1985), held that a dismissal order for want of prosecution was a dismissal with prejudice because the order failed to state it was without prejudice. *Nagle v. Lee*, 807 F.2d 435, 442 (5th Cir.1987), held that a minute entry dismissing a case was an adjudication on the merits for res judicata purposes. The order is a dismissal of the entire case and not simply a dismissal for lack of subject matter jurisdiction. Appellee proved all the elements of federal res judicata in its summary judgment motion.

Appellants also argue that *TEX. CIV.PRAC. & REM.CODE ANN. sec. 16.-064* applies. This is only true if the original action is dismissed for lack of jurisdiction. As stated previously, there is no indication that this was the reason for the dismissal. Therefore, this state statute does not apply. We overrule appellants' point of error and affirm the judgment.

AFFIRMED.