Larry Brent TURNER, Appellant,

v.

**TEXAS DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDA-TION and The State of Texas, Appellees.**

**No. 03–95–00277–CV.**

Court of Appeals of Texas, Austin.

March 6, 1996.

Opinion on Overruling of Rehearing May 1, 1996.

Donald F. Killingsworth, Tyler, for Appellant.

Dan Morales, Attorney General, Martin J. Thompson, Jr., Assistant Attorney General, General Litigation Division, Austin, for Appellees.

Before CARROLL, C.J., and JONES and B.A. SMITH, JJ.

BEA ANN SMITH, Justice.

Larry Brent Turner appeals from a summary judgment granted in favor of appellees, the Texas Department of Mental Health and Mental Retardation and the State of Texas. Turner brings one point of error, claiming the trial court erred in granting appellees' motion for summary judgment. Because appellees conclusively established they were entitled to judgment as a matter of law on each of Turner's claims, we will affirm the trial court's judgment.

## BACKGROUND

On January 19, 1989, a Thursday, Big Spring Police Officer Bobby Armstrong investigated reports of unusual activity at Turner's residence. Officer Armstrong was aware of recent incidents in which Turner had fired a rifle inside his home; on this visit he observed animal traps and boards with nails placed around the perimeter of the home. Turner, who lived with his wife and four children, claimed that prowlers had regularly been beating on the walls and walking on the roof of his house at night. He explained that he fired shots in his house when he thought prowlers were hiding in his closet.

On Friday afternoon Armstrong took Turner into custody based on his belief that Turner was mentally ill and that Turner would pose a risk of serious harm to himself or others unless he was immediately restrained. *See* Tex. Health & Safety Code

Ann. § 573.001(a) (West 1992).[1] Armstrong took Turner to Big Spring State Hospital where he filed an application for emergency detention describing his observations and conclusions. *See* Tex. Health & Safety Code Ann. §§ 573.001(d)(1), .002 (West 1992). Big Spring State Hospital accepted Turner and conducted a preliminary examination that same day; the examining physician's written statement reflected that Turner suffered from mental illness and confirmed the allegations made in Armstrong's emergency detention application. *See* Tex. Health & Safety Code Ann. §§ 573.021(a), .022(2) (West 1992).

The following Monday, January 23rd, a justice of the peace issued an order allowing the hospital to detain Turner for another 24 hours. *See* Tex. Health & Safety Code Ann. § 573.021(b) (West 1992). The next day, following an evidentiary hearing, the justice of the peace failed to find probable cause to believe Turner posed a substantial risk of harm. Accordingly, Big Spring State Hospital released Turner from custody that same day. *See id.*

On January 15, 1991, Turner filed an action against appellees in federal court claiming that his detention deprived him of his federal constitutional rights, and seeking damages under 42 U.S.C. §§ 1981 and 1983. *See* 42 U.S.C. §§ 1981, 1983 (1994). Appellees and other named defendants filed three separate motions to dismiss Turner's cause. On May 2, 1991, the court issued an order granting these motions and dismissing the lawsuit. On June 28, 1991, Turner filed the present cause of action asserting deprivation of privacy, violations of the Mental Health Code, negligence under the Tort Claims Act, negligence per se, intentional infliction of emotional distress, and state "constitutional torts." Turner also brought claims for declaratory and injunctive relief. Appellees sought summary judgment on each of Turner's claims. The trial court granted appellees' motion for summary judgment, and this appeal ensued.

## DISCUSSION AND HOLDINGS

■ Because the trial court's order does not specify the basis for the summary judgment, we will uphold the court's decision if it is correct under any theory advanced in the motion for summary judgment. *Rogers v. Ricane Enters. Inc.*, 772 S.W.2d 76, 79 (Tex. 1989). The standards for reviewing a summary judgment are well established:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

■ Appellees asserted in their summary-judgment motion that the two-year statute of limitations barred most of Turner's claims. *See* Tex.Civ.Prac. & Rem.Code Ann. § 16.003(a) (West Supp.1996).[2] Turner does not dispute that he filed his suit more than two years after his cause of action accrued. Instead, he asserts that Civil Practices and Remedies Code section 16.064 tolled the statute of limitations while his suit was pending in federal court. Section 16.064 provides in relevant part:

(a) The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:

(1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the

---

1. At the time of the incident, this provision was located at Texas Revised Civil Statutes Annotated article 5547–26. Because the codification of this statute did not change the substance of it, we cite the current code for the sake of convenience.

2. This cause accrued in January 1989, and is governed by the law in effect at that time. Because subsequent changes to this limitations provision have no substantive effect on our analysis, we cite the current code for the sake of convenience.

judgment is set aside or annulled in a direct proceeding; and

(2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.

Tex.Civ.Prac. & Rem.Code Ann. § 16.064(a)(1), (2) (West 1986).

We begin our analysis by noting that appellees, as summary judgment movants, bear the burden of showing there is no genuine issue of material fact concerning the limitations defense. *Nixon,* 690 S.W.2d at 548–49. Furthermore, because Turner asserts the applicability of a tolling provision, appellees must show its inapplicability as a matter of law. *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex.1975); *Vale v. Ryan,* 809 S.W.2d 324, 326 (Tex.App.—Austin 1991, no writ). It is not disputed that Turner filed his original suit in federal court within the two-year limitations period, and filed his action in state court within 60 days of the federal-court dismissal. In order to establish that this tolling provision does not apply to Turner's suit, appellees accordingly must show either (1) that the federal cause of action was not dismissed for want of jurisdiction, or (2) that the causes of action are not "the same" for purposes of this tolling provision. *See* Tex.Civ.Prac. & Rem.Code Ann. § 16.064 (West 1986).

The federal court order dismissing Turner's cause did not specify the grounds for dismissal. When there are no specific grounds set out in an order of dismissal, it is to be treated as a final adjudication on the merits. *Bell v. Moores,* 832 S.W.2d 749, 755 (Tex.App.—Houston [14th Dist.] 1992, writ denied); *Allen v. Port Drum Co.,* 777 S.W.2d 776, 778 (Tex.App.—Beaumont 1989, writ denied). Under these holdings, it would appear that for purposes of section 16.064 the federal court adjudicated the case on the merits. However, the United States Supreme Court has held that the Eleventh Amendment imposes a *jurisdictional* bar to federal courts entertaining suits against the State or one of

its agencies. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1983). We do not believe that the federal court would thwart Supreme Court authority by exercising jurisdiction over Turner's claims against appellees. We therefore will assume for the purpose of our analysis that the federal court dismissed Turner's claims against appellees for lack of jurisdiction.[3]

We next consider whether Turner's state law cause of action is "the same" as his federal cause of action within the meaning of section 16.064. *See* Tex.Civ.Prac. & Rem. Code Ann. § 16.064 (West 1992). We first note that, according the term "the same" its literal meaning, Turner's state and federal causes of action were not the same. In federal court, Turner filed only causes of action under 42 U.S.C. §§ 1981 and 1983. Although he could have added his state law claims to the federal ones, he did not do so. *See* 28 U.S.C. § 1367 (1993); *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966) (when state and federal claims arise from common nucleus of operative facts, federal court may hear and determine state and federal claims by exercising its pendent jurisdiction). In state court, Turner filed only state law claims. Indeed, Turner could not have maintained a § 1981 or § 1983 cause of action in state court because neither the State nor its agencies are "persons" within the meaning of § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989); *Pennhurst,* 465 U.S. at 100, 104 S.Ct. at 907.

Turner's state and federal causes of action are not literally the same. However, in light of this Court's holding that section 16.064 should be given a liberal construction, we will look beyond a literal reading to determine the meaning of "the same action" as that term appears within section 16.064. *See Burford v. Sun Oil Co.,* 186 S.W.2d 306, 311 (Tex.Civ.App.—Austin 1945, writ ref'd n.r.e.). We begin by considering the objective of that

---

**3.** Turner's federal cause of action also named as defendants the City of Big Spring, P.D. Petty, M.D., and Bobby Armstrong. We express no

opinion regarding the basis of the federal court dismissal of Turner's claims against those defendants.

provision, which this Court has described as follows:

It is manifest that the Act is remedial in every sense. It should therefore be given a liberal construction with a view of effectuating its manifest objective—relief from penalty of limitation bar to one who has mistakenly brought his action 'in the wrong court.' So construed it is clear that the Act was intended to cover every case where the effect of the final judgment or order of the first court was tantamount to a dismissal because the action was mistakenly but in good faith brought in the wrong court.

*Burford*, 186 S.W.2d at 311. We believe that this description informs the meaning of "the same action" as that term is used within the statute. The statute is designed to protect litigants who mistakenly file their action in the wrong court. In the present case, however, Turner cannot be considered to have mistakenly filed his action in the wrong court. Turner could not have maintained his § 1981 and § 1983 causes of action in either state or federal court. Rather than mistakenly filing his action in the wrong court, Turner simply filed the wrong cause of action, regardless of where it was filed. This mistake is beyond the scope and purpose of the tolling provision at issue. We accordingly hold that Turner's state and federal causes of action were not the same under section 16.064. Because this statute did not toll the statute of limitations, the trial court properly granted summary judgment as to Turner's claims asserting deprivation of privacy, negligence under the Tort Claims Act, negligence per se, and intentional infliction of emotional distress. *See* Tex.Civ.Prac. & Rem.Code Ann. § 16.003 (West 1992).

■ Turner asserted in his lawsuit that he suffered injury due to appellees' violations of the Mental Health Code.[4] Without passing on the question of whether the Mental Health Code provides a cause of action to private litigants, any such cause of action would be based on personal injury and therefore barred by the two-year statute of limita-

tions. *Id.* The trial court thus properly granted summary judgment as to Turner's claims under the Mental Health Code.

■ In addition to bringing these tort causes of action, Turner asserted causes of action based on alleged deprivations of his right to due course of law as guaranteed by the Texas Constitution. *See* Tex. Const. art. I, § 19. The supreme court has held that no cause of action exists for money damages based on violations of the Texas Constitution. *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 150 (Tex.1995). Appellees were therefore entitled to summary judgment on Turner's claims for damages based on violations of the Texas Constitution.

■ Turner points out that he can maintain an equitable cause of action based on his alleged deprivation of state constitutional rights. *See id.* at 149 (acknowledging that article 1, section 8 of Texas Constitution may provide independent basis for injunctive relief). He argues that because he sought injunctive relief based on violations of the state constitution, appellees were not entitled to summary judgment based on his state constitutional claims. However, because neither the state nor a state agency is susceptible to a suit for injunctive relief, the trial court properly granted summary judgment as to Turner's claims for injunctive relief, regardless of the basis of these claims. *See Dillard v. Austin Indep. Sch. Dist.*, 806 S.W.2d 589, 598 (Tex.App.—Austin 1991, writ denied); *Bagg v. Univ. of Texas Medical Branch*, 726 S.W.2d 582, 584–85 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) (plaintiff seeking injunctive relief involving action of state agency must sue individual in authority at agency, not agency itself).

■ We next consider Turner's claim for declaratory judgment. At trial, Turner sought relief in the form of a declaration that the Mental Health Code was unconstitutional on its face. However, Turner did not in any way explain why or how the Code is unconstitutional. The Legislature is presumed to

---

**4.** The former Mental Health Code was located at Texas Revised Civil Statutes article 5547–1. The provisions of the former Code are now codified as Title 7 of the Health and Safety Code. *See* Tex. Health & Safety Code Ann. § 531.001 *et seq.* For the sake of clarity, we will refer to Turner's claims under these statutory provisions as being brought under the Mental Health Code.

enact laws which are constitutional. *Robinson v. Hill*, 507 S.W.2d 521, 524 (Tex.1974). Turner, as the party challenging the constitutionality of the Mental Health Code, had the burden of establishing that it was unconstitutional. *Id.* He cannot meet this burden by making conclusory statements without authority or legal reasons. *Durish v. Texas State Bd. of Ins.*, 817 S.W.2d 764, 767 (Tex. App.—Texarkana 1991, no writ). Because Turner made only the conclusory assertion that the Mental Health Code was unconstitutional, he failed as a matter of law to meet his burden of showing that the Code was unconstitutional.

 Turner nonetheless asserts on appeal that a fact issue remains on his declaratory judgment claim. He argues that, while the Mental Health Code may be constitutional on its face, it could still be unconstitutional as applied to him. *See Floyd v. Willacy County Hosp. Dist.*, 706 S.W.2d 731, 735 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.) (governmental policy facially constitutional can be unconstitutional if applied in arbitrary and discriminatory manner). Turner did not, however, make this argument before the trial court. Our review of Turner's petition and his response to the summary judgment motion reveals that his declaratory-judgment claim mounted only a facial challenge to the constitutionality of the Mental Health Code. Because Turner did not advance this "as applied" constitutional challenge before the trial court, he may not bring it forward for the first time on appeal. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex.1979). Accordingly, the trial court properly granted summary judgment as to Turner's declaratory judgment claim.

Because appellees were entitled to judgment as a matter of law on each of Turner's claims, the trial court properly granted appellees' motion for summary judgment. Accordingly, we overrule Turner's point of error and affirm the trial court's judgment.

### ON MOTION FOR REHEARING

To his motion for rehearing, Larry Turner attaches the First Amended Complaint he filed in federal court, seeking to demonstrate that he did append his state court claims to his federal causes of action. This amended complaint was not presented to the trial court at the summary judgment proceeding and is not part of the record on appeal. Its attachment to the motion for rehearing comes too late to support appellant's reliance on the tolling provisions of section 16.064(a) to defeat movants' request for summary judgment based on the statute of limitations. We overrule the motion for rehearing and adhere to our original opinion in its entirety.