TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00555-CV







Kirk Wayne McBride, Appellant




v.




The City of New Braunfels and Ray Douglas, Appellees







FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT


NO. C95-1035C, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING







 Kirk Wayne McBride appeals from the take-nothing summary judgment rendered 
in favor of the City of New Braunfels and Ray Douglas. He complains (1) the summary-judgment
motion did not address his later-filed second amended original petition and (2) his federal court
litigation tolled the running of the statute of limitations. We will affirm the judgment.


THE CONTROVERSY


 The following summary is based on McBride's second amended original petition
except where noted. McBride alleged he suffered personal injuries while incarcerated following
his arrest in early 1990 by City of New Braunfels police on charges of aggravated assault. (1) New
Braunfels detective Ray Douglas obtained a court order on January 19, 1990, allowing gathering
of samples of the incarcerated McBride's blood and hair. McBride complains appellees took these
samples without his consent or a search warrant.

 McBride brought these claims first in federal court. (2) On February 1, 1993, the
federal district court dismissed his federal claims with prejudice and his state-law claims without
prejudice. McBride appealed the judgment to the Fifth Circuit. That court affirmed the judgment
in part, vacated the judgment in part, and remanded the cause to the federal district court. 
McBride alleged the Fifth Circuit's mandate issued on January 6, 1995, but the district court
dismissed the cause on December 20, 1994.

 On December 19, 1995, McBride sued in state court on his state claims, in the
present cause. In his first amended original petition, he added more specificity to his complaint. 
He alleged that the taking of the samples violated state constitutional and statutory provisions
guarding against illegal search and seizure. See Tex. Const. Art. I, § 9; Tex. Code Crim. Proc.
Ann. arts. 1.06 & 18.01 (West 1977 & Supp. 1998). He alleged Douglas chose to seek the
samples pursuant to a practice, policy, or custom that was promulgated negligently and violated
statutory and constitutional law. McBride contended Douglas knew or should have known of the
illegality and unconstitutionality of the practice, policy, or custom, and pursued it nevertheless. 
McBride alleged this negligent violation of his rights caused him severe emotional distress "by
being subjected to the puncture of his veins in which his life flows, and fear of contracting the
H.I.V. virus by the puncture." He also alleged that Douglas's participation in the sample-taking
constituted official oppression. See Tex. Penal Code Ann.§ 39.03(a)(2) (West 1994). McBride
claimed damages totaling more than $2.5 million.

 Douglas and New Braunfels moved for summary judgment. They contended first
that McBride's personal injury claim was barred by the two-year statute of limitations. See Tex.
Civ. Prac. & Rem. Code Ann. § 16.003 (West Supp. 1998). McBride's own allegations show he
brought his claims more than five years after the samples were taken in 1990. Appellees argued
the federal suit did not toll the statute because (1) the two-year limitations period expired before
he filed the federal suit in 1993 and (2) the federal suit was not dismissed for want of jurisdiction. 
They then contended the causes of action were meritless because violations of the Texas
Constitution, if any, did not give rise to damage claims and any negligent infliction of emotional
distress was not actionable.

 On January 6, 1997, ten days after the motion for summary judgment was filed,
McBride filed a second amended original petition. He omitted claims for emotional distress and
mental suffering and anguish. He alleged Douglas acted negligently by breaching his duty not to
violate McBride's rights and that Douglas's actions were outside the scope of his authority. He
reiterated that Douglas acted with conscious indifference or bad faith. In his second numbered
paragraph, he alleged Douglas acted negligently by using tangible property (a computer terminal
or typewriter) to produce the motion and affidavit that led to the sample gathering. McBride also
amended the relief requested, seeking a declaratory judgment that his rights were violated,
recovery for actual and compensatory damages inflicted by Douglas totaling $100,000, recovery
from New Braunfels for damages up to the limits of state law, and attorney's fees and costs.

 The trial court granted the motion for summary judgment without specifying a
basis, stating that "Defendants' Motion for Summary Judgment is granted against Plaintiff in all
respects, that all claims asserted by Plaintiff against all Defendants are dismissed with prejudice,
[and] that Plaintiff take nothing by way of this lawsuit against Defendants." The judgment also
has a Mother Hubbard clause denying all relief not expressly granted. We construe the instrument
to be a final summary judgment against the merits of McBride's claims and not a dismissal of
them. See Stubbs v. Patterson Dental Lab., 573 S.W.2d 274, 276-77 (Tex. Civ. App.--Eastland
1978, no writ).


DISCUSSION AND HOLDINGS


 McBride brings three points of error. By his third point, he contends the causes
of action assailed in the motion for summary judgment (constitutional complaints and negligent
infliction of emotional distress) were superseded by allegations in his second amended original
petition. By his first point, he complains that genuine issues of material fact persist because the
summary-judgment motion was directed at his first amended original petition, not his second
amended original petition. He contends by his second point that his causes of action were not
time-barred because the pendency of the federal suit prevented his bringing the present suit; he
argues that a favorable judgment in the federal suit would have borne significantly on the legality
of his criminal conviction that was obtained with the blood sample he complains of here.

 The fact that McBride omitted claims of negligent infliction of emotional distress
and constitutional violations after the summary-judgment motion was filed does not make the
summary judgment erroneous. (3) To the extent the claims were omitted, that portion of the motion
was moot. Had the judgment explicitly addressed the omitted claims, that language would have
been mere surplusage and would not have invalidated the judgment. We overrule point three.

 McBride's amendment of his petition did not remove his suit from the reach of the
summary-judgment motion. A court can render summary judgment against a cause of action first
alleged in an amended petition filed after the summary-judgment motion if the new cause of action
was encompassed by the language in the motion. Judwin Properties, Inc. v. Griggs & Harrison,
P.C., 911 S.W.2d 498, 502-03 (Tex. App.--Houston [1st Dist.] 1995, no writ). If the motion did
not encompass the new cause of action, a summary judgment based on the motion and rendered
against the new cause of action must be reversed. See Farah v. Mafrige & Kormanik, P.C., 927
S.W.2d 663, 672 (Tex. App.--Houston [1st Dist.] 1996, no writ). Though McBride added
allegations that Douglas acted outside the scope of his employment and used tangible public
property, the acts of which McBride complains are essentially unchanged from the first to the
second amended original petitions. He still complains he was injured by having blood and hair
samples taken from him. He still characterizes Douglas's actions as a breach of duty or a
conscious indifference to his rights. We conclude the statute-of-limitations ground urged in the
motion for summary judgment encompassed the allegations in McBride's second amended original
petition. We overrule point one.

 McBride concedes the two-year statute of limitations (4) bars his causes of action
unless the running of the period was tolled. The actions of which he complains occurred on
January 19, 1990. He filed his original petition in this suit more than five years later on
December 19, 1995. When a nonmovant asserts the applicability of a tolling provision, the
movant must show its inapplicability as a matter of law. Turner v. Texas Dept. of Mental Health
and Mental Retardation, 920 S.W.2d 415, 418 (Tex. App.--Austin 1996, writ denied) (citing Zale
Corp. v. Rosenbaum, 520 S.W.2d 889, 891 (Tex.1975)).

 Appellees showed McBride is not entitled to the statutory tolling afforded parties
whose claims in one court are dismissed for lack of jurisdiction. See Tex. Civ. Prac. & Rem.
Code Ann. § 16.064 (West 1997). That statute permits the pendency of a cause of action to toll
the statute of limitations if:


(1) because of lack of jurisdiction in the trial court where the action was first filed,
the action is dismissed or the judgment is set aside or annulled in a direct
proceeding; and


(2) not later than the 60th day after the date the dismissal or other disposition
becomes final, the action is commenced in a court of proper jurisdiction.



Id. McBride met neither condition. He did not show that the federal-court dismissal was based
on lack of jurisdiction, nor did he file suit in the present cause within sixty days of the federal-court mandate. McBride alleged the federal mandate issued on January 6, 1995. He filed the
present cause more than three hundred days later.

 Nor were McBride's causes of action saved by the common-law tolling asserted for
the first time on appeal. "[I]ssues a non-movant contends avoid the movant's entitlement to
summary judgment must be expressly presented by written answer to the motion or by other
written response to the motion and are not expressly presented by mere reference to summary
judgment evidence." McConnell v. Southside Independent School Dist., 858 S.W.2d 337, 341
(Tex. 1993). McBride did not present the issue of common-law tolling to the trial court. He filed
no response to the motion for summary judgment other than his second amended original petition. 
The only pleading resembling his appellate claim that the federal suit prevented him from pursuing
the state suit is this passage in his second amended petition:


 The cause, the subject of the complaint was dismissed on the 20th day of December
1994, which prevented the Plaintiff [from] exercising legal remedies by way of
suit, by the pendency of criminal proceedings in relation to the cause, the subject
of the suit.



This allegation is too uncertain and vague to raise a tolling claim. We overrule point of error two.


CONCLUSION


 Having overruled all points of error, we affirm the judgment of the trial court.



 

 John Powers, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: October 1, 1998

Do Not Publish

1. In his second amended petition, McBride alleges that he was arrested on February 16, 1990. 
However, he continues to allege that the post-arrest hearing authorizing the taking of the samples
occurred on January 19, 1990.
2. The record does not reveal when McBride filed this suit. Appellees assert that it was filed
February 1, 1993, but that is the date McBride alleges the cause was dismissed. 
3. We note that, contrary to his assertion in his point of error, McBride alleged on page four
of his second amended petition that appellees' actions violated his state constitutional rights.
4. See Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West Supp. 1998).


ded original petitions. He still complains he was injured by having blood and hair
samples taken from him. He still characterizes Douglas's actions as a breach of duty or a
conscious indifference to his rights. We conclude the statute-of-limitations ground urged in the
motion for summary judgment encompassed the allegations in McBride's second amended original
petition. We overrule point one.

 McBride concedes the two-year statute of limitations (4) bars his causes of action
unless the running of the period was tolled. The actions of which he complains occurred on
January 19, 1990. He filed his original petition in this suit more than five