IN THE
TENTH COURT OF APPEALS
 

No. 10-01-080-CV

                                                                                             Appellee
 

From the 170th District Court
McLennan County, Texas
Trial Court # 98-3610-4
                                                                                                                

MEMORANDUM OPINION 
                                                                                                                

      Michael Bishop filed suit against Baylor University alleging causes of action for fraud and
breach of contract arising from his removal as chair of Baylor’s journalism department. The court
granted Baylor’s summary judgment motion premised on the theory that Bishop’s state law claims
are barred by res judicata because of a prior adverse judgment in federal district court on related
federal claims.
BACKGROUND
      Bishop’s federal suit alleged that his removal constituted discrimination in violation of the Age
Discrimination in Employment Act and retaliation in violation of Title VII of the Civil Rights Act. 
Baylor sought a summary judgment in federal court on the grounds that Bishop had failed to
exhaust his administrative remedies and that Bishop should not otherwise prevail on the merits of
his claims.
      The federal district court issued an order granting summary judgment in Baylor’s favor for
several reasons including: failure to exhaust administrative remedies, insufficient evidence to
support age discrimination claim (as conceded by Bishop), Bishop was not engaged in an activity
protected by Title VII, and “even if the activity was protected, there is no causal connection
between the activity and the adverse employment action.” The court also noted in a footnote that
Baylor is exempt from the requirements of Title VII because of its status as a religious educational
institution. On the same date, the court signed a judgment that Bishop take nothing in accordance
with the summary judgment order.
      During the pendency of the federal suit, Bishop filed suit in state court alleging causes of
action for fraud and breach of contract. The parties do not dispute that the federal and state
lawsuits both arise from his removal as chair of the journalism department. After entry of the
federal court judgment, Baylor filed a summary judgment motion in state court on the ground that
the federal judgment bars Bishop from proceeding in state court.
RES JUDICATA
      Bishop argues in his sole issue that the federal judgment does not bar his state law claims
because: (1) it was a dismissal on jurisdictional grounds rather than a judgment on the merits; and
(2) the federal court “should not have adjudicated” his state law claims (if he had filed them in
federal court) after concluding that he had failed to exhaust his administrative remedies.
      The issue of whether a federal judgment precludes a party from litigating claims in state court
is governed by federal law. John G. & Marie Stella Kenedy Mem. Found. v. Dewhurst, 90
S.W.3d 268, 287 (Tex. 2002). Under federal law, “[a] final judgment on the merits of an action
precludes the parties or their privies from relitigating issues that were or could have been raised
in that action.” Rivet v. Regions Bank of La., 522 U.S. 470, 476, 118 S. Ct. 921, 925, 139 L.
Ed. 2d 912 (1998) (quoting Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S. Ct.
2424, 2428, 69 L. Ed. 2d 103 (1981)); accord Kenedy Mem. Found., 90 S.W.3d at 287-88.
      Bishop refers this Court to language in the federal district court’s judgment in which the
federal court observed, “The filing of an administrative complaint is a jurisdictional prerequisite
to an action under Title VII. Dollis v. Rubin, 77 F.3d 777, 781 (5th Cir. 1995).” Bishop argues
that this language indicates that the federal court dismissed his claims for want of jurisdiction
rather than adjudicating the merits of the claims. We disagree.
      Although the federal court cited Dollis for the proposition that the filing of an administrative
complaint is a jurisdictional prerequisite to a lawsuit, the court also plainly addressed several
reasons why Bishop’s claims failed on their merits. Accordingly, we conclude that the federal
judgment constitutes a judgment on the merits of Bishop’s claims. See Allen v. Port Drum Co.,
777 S.W.2d 776, 778 (Tex. App.—Beaumont 1989, writ denied).
      Bishop does not dispute that he could have included his state law claims in the federal suit. 
As stated, a judgment on the merits in federal court “precludes the parties or their privies from
relitigating issues that were or could have been raised in that action.” Rivet, 522 U.S. at 476, 118
S. Ct. at 925 (emphasis added); accord Kenedy Mem. Found., 90 S.W.3d at 287-88.
      For the foregoing reasons, Bishop’s sole issue is without merit.
      We affirm the judgment.
 
                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Gray,
      Justice Vance, and
      (former Chief Justice Davis not participating)



Affirmed
Opinion delivered and filed December 19, 2003
[CV06]



( '' );
 }


      Because McFadin's ALR suspension was not "punishment" for purposes of Tex. Const. art.
I, § 14, we hold that his DWI prosecution is not barred by double jeopardy.
CONCLUSION
      An ALR suspension is not "punishment" under the federal or state double jeopardy
provisions. Therefore, such a suspension will not serve as a bar to a subsequent prosecution for
DWI. We affirm the judgment.
 
                                                                               REX D. DAVIS
                                                                               Chief Justice


Before Chief Justice Davis
            Justice Cummings and
            Justice Vance
Affirmed
Opinion delivered and filed January 22, 1997
Do not publish