In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00100-CV

                                                ______________________________

 

 

                          CHRISTOPHER KARONE TURNER,
Appellant

 

                                                                V.

 

                                                  TDCJ–ID, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 349th
Judicial District Court

                                                          Anderson
County, Texas

                                                          Trial Court
No. 349-6444

 

                                                    
                                              

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                     MEMORANDUM 
OPINION

 

            Christopher
Karone Turner appeals[1]
the dismissal without prejudice of his lawsuit against the Texas Department of
Criminal Justice (TDCJ).[2]  Turner alleged that prison employees and
administrators negligently implemented prison policies which resulted in his
prison status being incorrectly demoted. 
Turner brought suit for negligence and deprivation of his right to due
process under 42 U.S.C.A. § 1983 (West, Westlaw current through 2010).  Turner alleged he suffered personal injuries
including anxiety, mental and emotional anguish, depression, headaches, and
high blood pressure.  The trial court
found Turner’s “claims to be frivolous or malicious,” dismissed Turner’s
lawsuit without prejudice,[3]
and assessed court costs against Turner pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 14.006 (Vernon
2002).  

            Chapter
14 of the Texas Civil Practice and Remedies Code applies to litigation, other
than suits governed by the Texas Family Code, brought by an inmate who seeks to
proceed in forma pauperis, either
through an affidavit or an unsworn declaration of his or her inability to pay
costs.  Tex.
Civ. Prac. & Rem. Code Ann. § 14.002 (Vernon 2002).  In such a case, the trial court may dismiss a
claim at any time if the court finds that the claim is frivolous or
malicious.  Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2).  In deciding whether an inmate’s claim is
frivolous, the trial court may consider the inmate’s realistic chance of
ultimate success, whether the claim has an arguable basis in law or fact,
whether the facts the inmate must prove in order to support his or her claim
are capable of proof by the inmate, and whether the claim is substantially
similar to and arises from the same facts as another claim already brought by
the inmate.  Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b).   

            Turner
argues the trial court was required to hold a hearing before dismissing his
claims.  When there is no arguable basis
in the law for a suit, a trial court may dismiss an inmate lawsuit without a
hearing.  Denson v. T.D.C.J.–I.D., 63 S.W.3d 454, 459 (Tex. App.––Tyler 1999,
pet. denied).  Because the trial court
decided not to hold a fact hearing, dismissal was proper only if the claim has
no arguable basis in law, and we review de novo such a determination.  Retzlaff v. Tex. Dep’t of Criminal Justice,
94 S.W.3d 650, 653 (Tex. App.––Houston [14th Dist.] 2002, pet. denied).

            The
doctrine of sovereign immunity refers to the State’s immunity from suit and
liability.  Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 694 (Tex.
2003).  “In addition to protecting the
State from liability, it also protects the various divisions of state
government, including agencies, boards, hospitals, and universities.”  Id.
at n.3.  We take judicial notice that
TDCJ is a state agency.  Turner argues that
the Texas Tort Claims Act waives sovereign immunity because his claims
originate from the condition or use of tangible personal property.  The Tort Claims Act provides a limited waiver of sovereign immunity “when personal injury or death is caused by
a ‘use of tangible personal or
real property . . . .’”  Tex. A&M Univ. v. Bishop, 156
S.W.3d 580, 583 (Tex. 2005) (quoting Tex.
Civ. Prac. & Rem. Code Ann. § 101.021(2)). 

            Turner’s
claims do not originate from a condition or use of tangible personal
property.  The Texas Supreme Court has
held “that information is not tangible personal property.”  Tex.
Dep’t of Pub. Safety v. Petta, 44
S.W.3d 575, 580 (Tex. 2001).  In Petta, the Texas Supreme Court concluded
“information contained in the [Texas Department of Public Safety’s] policy and
training manuals in this case is not tangible personal property and,
accordingly, does not give rise to a claim under the Tort Claims Act.”  Id.
at 581.  Similarly, Turner’s complaints,
which complain about the use of information in the TDCJ’s policy manuals, do
not qualify as use of personal property. 
Turner has failed to establish that the Texas Tort Claims Act waives
sovereign immunity concerning his state law claims.  

            In
addition, sovereign immunity under the Eleventh Amendment protects a state
agency from a suit under 42 U.S.C.A. § 1983. 
Turner brought suit against only the TDCJ.  A state agency is not a “person” who can be
held liable under 42 U.S.C.A. § 1983. 
Will v. Mich. Dep’t of State
Police, 491 U.S. 58, 66 (1989) (“Section 1983 . . . does not provide a
federal forum for litigants who seek a remedy against a State . . . .”); see U.S.
Const. amend. XI; Turner v. Tex.
Dep’t of Mental Health & Mental Retardation, 920 S.W.2d 415, 418 (Tex.
App.––Austin 1996, writ denied).  Sovereign
immunity under the Eleventh Amendment bars Turner’s Section 1983 claims.  The trial court did not err in finding Turner’s
claims frivolous.[4]

            For
the reasons stated, we affirm.

            

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          January
6, 2011

Date Decided:             January
7, 2011

 

 











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to
its docket equalization efforts.
 See Tex. Gov’t Code Ann. § 73.001 (Vernon 2005).  We are unaware of any conflict between precedent
of the Twelfth Court of Appeals and that of this Court on any relevant issue.  See Tex.
R. App. P. 41.3.

 





[2]The
record does not establish TDCJ was ever served with citation.  A trial court is permitted to dismiss a
lawsuit under Chapter 14 prior to service of citation.  Tex.
Civ. Prac. & Rem. Code Ann. § 14.003 (Vernon 2002).  

 





[3]Turner
claims the trial court erred in dismissing his lawsuit as a nonsuit.  The record does not support that the trial
court dismissed Turner’s lawsuit as a nonsuit. 
Turner attached a letter from the district clerk’s office which indicated
that he was notified of the order “[i]n accordance with Rule 162 of the Texas
Rules of Civil Procedure . . . .” (nonsuit rule).  The order itself makes no reference to Rule
162 or a nonsuit. 





[4]Turner
also argues the trial court erred in dismissing his suit, in part, for failing
to identify the date a grievance was filed and the date a written decision was
received, as well as his failure to file a copy of the written decision, if
any.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 14.005 (Vernon 2002).  In its dismissal
order, the trial court recites a number of grievances related to Turner’s
complaints and notes Turner failed to file grievance paperwork for the court.  Turner argues his complaints stem from a
single grievance for which he did identify the date a grievance was filed and
the date a written decision was received, as well as file a copy of the written
decision.  Because we agree with the trial
court that Turner’s claims are frivolous, it is not necessary for us to
determine whether Turner complied with Section 14.005.