

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00100-CV

_____

CHRISTOPHER KARONE TURNER, Appellant

V.

TDCJ–ID, Appellee

On Appeal from the 349th Judicial District Court
Anderson County, Texas
Trial Court No. 349-6444

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Christopher Karone Turner appeals[1] the dismissal without prejudice of his lawsuit against the Texas Department of Criminal Justice (TDCJ).[2] Turner alleged that prison employees and administrators negligently implemented prison policies which resulted in his prison status being incorrectly demoted. Turner brought suit for negligence and deprivation of his right to due process under 42 U.S.C.A. § 1983 (West, Westlaw current through 2010). Turner alleged he suffered personal injuries including anxiety, mental and emotional anguish, depression, headaches, and high blood pressure. The trial court found Turner's "claims to be frivolous or malicious," dismissed Turner's lawsuit without prejudice,[3] and assessed court costs against Turner pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 14.006 (Vernon 2002).

Chapter 14 of the Texas Civil Practice and Remedies Code applies to litigation, other than suits governed by the Texas Family Code, brought by an inmate who seeks to proceed *in forma pauperis*, either through an affidavit or an unsworn declaration of his or her inability to pay costs. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (Vernon 2002). In such a case, the trial court may

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]The record does not establish TDCJ was ever served with citation. A trial court is permitted to dismiss a lawsuit under Chapter 14 prior to service of citation. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (Vernon 2002).

[3]Turner claims the trial court erred in dismissing his lawsuit as a nonsuit. The record does not support that the trial court dismissed Turner's lawsuit as a nonsuit. Turner attached a letter from the district clerk's office which indicated that he was notified of the order "[i]n accordance with Rule 162 of the Texas Rules of Civil Procedure . . . ." (nonsuit rule). The order itself makes no reference to Rule 162 or a nonsuit.

dismiss a claim at any time if the court finds that the claim is frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2). In deciding whether an inmate's claim is frivolous, the trial court may consider the inmate's realistic chance of ultimate success, whether the claim has an arguable basis in law or fact, whether the facts the inmate must prove in order to support his or her claim are capable of proof by the inmate, and whether the claim is substantially similar to and arises from the same facts as another claim already brought by the inmate. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b).

Turner argues the trial court was required to hold a hearing before dismissing his claims. When there is no arguable basis in the law for a suit, a trial court may dismiss an inmate lawsuit without a hearing. *Denson v. T.D.C.J.–I.D.*, 63 S.W.3d 454, 459 (Tex. App.—Tyler 1999, pet. denied). Because the trial court decided not to hold a fact hearing, dismissal was proper only if the claim has no arguable basis in law, and we review de novo such a determination. *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

The doctrine of sovereign immunity refers to the State's immunity from suit and liability. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 (Tex. 2003). "In addition to protecting the State from liability, it also protects the various divisions of state government, including agencies, boards, hospitals, and universities." *Id*. at n.3. We take judicial notice that TDCJ is a state agency. Turner argues that the Texas Tort Claims Act waives sovereign immunity because

3

his claims originate from the condition or use of tangible personal property. The Tort Claims Act provides a limited waiver of sovereign immunity "when personal injury or death is caused by a 'use of tangible personal or real property . . . .'" *Tex. A&M Univ. v. Bishop*, 156 S.W.3d 580, 583 (Tex. 2005) (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2)).

Turner's claims do not originate from a condition or use of tangible personal property. The Texas Supreme Court has held "that information is not tangible personal property." *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001). In *Petta*, the Texas Supreme Court concluded "information contained in the [Texas Department of Public Safety's] policy and training manuals in this case is not tangible personal property and, accordingly, does not give rise to a claim under the Tort Claims Act." *Id.* at 581. Similarly, Turner's complaints, which complain about the use of information in the TDCJ's policy manuals, do not qualify as use of personal property. Turner has failed to establish that the Texas Tort Claims Act waives sovereign immunity concerning his state law claims.

In addition, sovereign immunity under the Eleventh Amendment protects a state agency from a suit under 42 U.S.C.A. § 1983. Turner brought suit against only the TDCJ. A state agency is not a "person" who can be held liable under 42 U.S.C.A. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Section 1983 . . . does not provide a federal forum for litigants who seek a remedy against a State . . . ."); *see* U.S. CONST. amend. XI; *Turner v. Tex. Dep't of Mental Health & Mental Retardation*, 920 S.W.2d 415, 418 (Tex. App.—Austin 1996,

writ denied).   Sovereign immunity under the Eleventh Amendment bars Turner's Section 1983 claims.   The trial court did not err in finding Turner's claims frivolous.[4]

For the reasons stated, we affirm.


Jack Carter
Justice

Date Submitted:     January 6, 2011
Date Decided:        January 7, 2011

---

[4]Turner also argues the trial court erred in dismissing his suit, in part, for failing to identify the date a grievance was filed and the date a written decision was received, as well as his failure to file a copy of the written decision, if any. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005 (Vernon 2002).  In its dismissal order, the trial court recites a number of grievances related to Turner's complaints and notes Turner failed to file grievance paperwork for the court. Turner argues his complaints stem from a single grievance for which he did identify the date a grievance was filed and the date a written decision was received, as well as file a copy of the written decision.   Because we agree with the trial court that Turner's claims are frivolous, it is not necessary for us to determine whether Turner complied with Section 14.005.