ACCEPTED
03-16-00732-CV
14542985
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/3/2017 7:08:23 PM
JEFFREY D. KYLE
CLERK

**No. 03-16-00732-CV**
**No.03-16-00840-CV**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

1/3/2017 7:08:23 PM
JEFFREY D. KYLE
Clerk

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

JOSE A. PEREZ

Appellant

Vs.

PHYSICIAN ASSISTANT BOARD and  MARGARET K. BENTLEY , in her
Individual and Official Capacities

Appellees.

**JOSE A. PEREZ' MOTION FOR AN ORDER DIRECTING THE PHYSICIAN ASSISTANT BOARD TO REINSTATE MR. PEREZ AS A PHYSICIAN ASSISTANT WHILE THE SUIT IS BEING VENTILATED**

**(a)**

**A COURT OF EQUITY HAS SUBJECT MATTER JURISDICTION TO PROTECT MR. PEREZ' RIGHT TO EARN A LIVING**

1- Jose A, Perez respectfully requests that the Court of Appeals direct the Physician Assistant Board to reinstate Mr. Perez as a Physician Assistant while the case is being  ventilated by the courts, As grounds therefore he shows:

1

2- The right to earn a living working as a physician assistant is a property right that enjoys Constitutional protection[1]. <u>A Court of Equity has subject matter jurisdiction to protect Mr. Perez' constitutionally protected property right from the March 7th, 2014 administrative Order[2].</u> Texas Government Code § 23.101 assigns petitions for injunctive relief the highest priority.

3- The US[3] and the Texas[4] Supreme Courts have ruled that statutes which revoke professional licenses are quasi criminal proceedings. The possibility that a prosecutor could elect to hamstring his target by preventing him from paying court costs raises substantial concerns about the fairness of the entire proceeding. Where, as here, the government prevents a litigant in a quasi-criminal proceeding from accessing his financial resources the litigant is being deprived of his right to a fair trial[5].

## II

---

[1] Castaneda v. Gonzalez, 985 S.W.2d 500 (Tex.App. Dist.1 12/03/1998) citing Smith v. Decker, 312 SW 2d 632, 633 (Tex. 1958) and Font v. Carr, 867 SW 2d 873, 875 (Tex. App.--Houston [1st Dist.] 1993, writ dism'd w.o.j.). Accord: Board of Regents v. Roth , 408 US 564 (1972)

[2] ROA 38-41 – Vol 1 November 22nd, 2016 ; Id; State v. Morales, 869 SW 2d 941, 946-47 (Tex. 1994) citing  Crouch v. Craik, 369 S.W.2d 311, 315 (Tex. 1963); Waller *v.* State, 68 S.W.2d 601 (Tex. App. 1934) ( The general right of every person to pursue any calling, and to do so in his own way, provided that he does not encroach upon the rights of others, cannot be taken away from him by legislative enactment.)

[3] Middlesex County Ethics Comm. v. Garden State Bar Assn., 457  US 423 , 432 (1982)) (revocation of professional licenses)   quoted by Sprint Communications v. Jacobs, et al, No. 12-815 (US-2013); );  In re Ruffalo, 390 US 544, 551 (1968); Schware v. Board of Bar Examiners, 353 U.S. 232, 238-39, 1 L. Ed. 2d 796, 77 S. Ct. 752 (1957);  Cummings v. The State Of Missouri, 71 U.S. 277 (U.S. 12/01/1866);   In re Thalheim, 853 F.2d 383, 388 (5th Cir. 1988) ; Razatos v. Colorado Supreme Court, 746 F.2d 1429 (10th Cir. 10/29/1984)

[4] Scott v. State, 24 S.W. 789 (Tex. 1894)

[5] Luis v. US , 136 S.Ct. 1083, (US - March 30, 2016)

## MR. PEREZ IS TIMELY
## CHALLENGING THE MARCH 7th, 2014 ORDER

4-      Mr. Perez  first case against the Texas Medical Board was dismissed for lack of subject matter jurisdiction[6]. Consequently,  the term of Mr. Perez' license was  tolled pursuant to the Civil Practice and Remedies Code § 16.064[7]( a) (1) and (2) and Government Code  § 2001.054 (d)[8]

## II

## SOVEREIGN IMMUNITY DOES NOT BAR A
## PETITION FOR INJUNCTIVE RELIEF
## ANCILLARY TO AN ADMINISTRATIVE APPEAL

5-      A hearing on a temporary injunction[9] ancillary to an administrative appeal does not constitute "judicial review"[10]. An order granting a temporary injunction is not  a ruling on the merits[11]. The only question before the trial court in a temporary injunction hearing is whether the applicant is entitled to preservation of the status quo of the subject matter of the suit pending trial on the merits[12].

---

[6] Perez v. Texas Medical Board et al, No. 03-14-00644-CV (3rd DCA-2015);  Petition for Supreme Court Review denied Perez v. Texas Medical Board and Mari Robinson JD, in her official capacity, No. 16-0026 (TX -March 18, 2016)

[7]  Allen v. Port Drum Co., Inc., 777 SW 2d 776, , 778 (Tex. App.-Beaumont 1989, writ denied) citing Sec. 16.064, Civil Practice and Remedies Code

[8] States that the term of a license is tolled during the period the license is subjected to judicial review.

[9] ROA 23-25; 48-49 Vol 1 November 22nd, 2016

[10] Public Utility Commission v. Water Services, Inc., 709 S.W.2d 765, 766, 768 (Tex. App.-Austin 1986, writ dism'd).

[11] Iranian Muslim Org. v. City of San Antonio, 615 S.W.2d 202, 208 (Tex. 1981)

[12] id

WHEREFORE Mr. Perez respectfully requests that the Appellate Court enter an Order directing the Physician Assistant Board to (a) immediately reinstate Mr. Perez as a Physician Assistant; (b) to immediately remove adverse data from the National Practitioner Data Bank and (c) immediately remove adverse data from the Physician Assistant Board's website .

Respectfully Submitted,

_____/S/ Jose A. Perez___
Jose A. Perez
1307 N. Jacinto Street
Conroe, TX 77301-1940
theaesculapius@gmail.com
281-979-8356

## Certificate of Conference

As required by Texas Rule of Appellate Procedure 10.1(a)(5), I certify that I attempted to conferred, with Mr. Ted A. Ross but he failed or refused to respond.

___/S/ Jose A Perez__
Jose A. Perez

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing " Jose A. Perez Motion For an Order directing the Physician Assistant Board to reinstate Mr. Perez as a Physician Assistant Board while the suit is being ventilated" was served by emailing a copy thereof via the State efiling system on this 3rd Day of January 2016 to:

Ted A Ross, Esq
Assistant Attorney General
PO Box 12548
Austin, TX 78711-2548
ted.ross@texasattorneygeneral.gov


/S/ Jose A. Perez
Jose A. Perez