**LANDSCAPE DESIGN AND CONSTRUCTION, INC. and Maintain, Inc., Appellant,**

v.

**Thomas E. WARREN, III, Appellee.**

No. 19534.

Court of Civil Appeals of Texas, Dallas.

April 20, 1978.

John A. George, Dallas, for appellant.

Victor C. McCrea, Jr., Dallas, for appellee.

ROBERTSON, Justice.

Thomas E. Warren, III, sued Landscape Design and Construction, Inc. and Maintain, Inc. to collect the balance due on a promissory note. After the defendants answered, Warren moved for summary judgment, attaching a copy of the note and the affidavit of his attorney. The trial court granted the motion, and the defendants now appeal. We reverse and remand.

█ Defendants argue that the affidavit is deficient because it does not reflect whether Warren's attorney, as affiant, had personal knowledge of the facts recited in the motion for summary judgment. We agree. The affidavit attached to the motion for summary judgment merely states that the affiant is the "attorney of record for Plaintiff, that he is duly authorized and qualified to make the affidavits and that the foregoing pleadings, statements and allegations contained in Plaintiff's Motion for Summary Judgment are true and correct." The affidavit does not state that the attorney has personal knowledge of the facts, nor does it recite facts which personal knowledge might be inferred. *See Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230 (Tex.1963); *Jones v. McSpedden,* 560 S.W.2d 177, 180 (Tex.Civ.App.—Dallas 1978, no writ). Affidavits supporting a motion for summary judgment must be based upon the personal knowledge of the affiant. *Woods Exploration & Producing Co., Inc. v. Arkla Equipment Co.,* 528 S.W.2d 568 (Tex. 1975). While Rule 14 of the Texas Rules of Civil Procedure permits an affidavit to be made by a party's attorney or agent, this rule does not obviate the necessity of showing that the attorney has personal knowledge of the facts, as distinguished from information obtained from the client. Ordinarily, an attorney's knowledge of the facts of a case is obtained from the client. Consequently, if the attorney must act as affiant, the better practice is to state explicitly how the information stated in the affidavit was obtained.

█ Although Warren urges that this deficiency was a mere formal defect which was waived by the defendants failure to object in the trial court, we cannot accept this argument. A defect is rendered "formal" only when it fairly appears *from the record* that, despite the deficiency, there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Youngstown Sheet & Tube Co. v. Penn, supra.* In *Youngstown,* our supreme court held that the affiant's failure to specifically state that he had personal knowledge is a waiveable "formal" defect when the information set out in the affidavit indicates that the affiant probably has personal knowledge of the recited facts. *See also Jones v. McSpedden, supra* at 180. In the present case, however, the affidavit does not recite facts from which the affiant's personal knowledge may be inferred. Thus, we conclude that this defect is substantive, rather than formal, and that no objection to the affidavit on this basis was necessary in order to preserve the point for appeal.[1]

Reversed and remanded.

---

1. The summary judgment in this case was rendered before the 1977 amendment to Rule 166–A.