**Wanda BELL and Shirley Fisher, Appellants,**

v.

**John J. MOORES, et al., Appellees.**

**No. B14–91–00875–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 11, 1992.

Rehearing Denied July 16, 1992.

Michael M. Phillips, Houston, for appellants.

Parker C. Folse, III, Barry C. Barnett, Houston, for appellees.

Before PAUL PRESSLER, MURPHY and CANNON, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellants sought recovery of royalties which they alleged appellees had agreed to pay their husbands. The trial court granted summary judgment. The judgment of the trial court is dismissed in part and affirmed in part.

In 1979, Scott Boulette, Daniel Cloer, and John J. Moores formed the BMC partnership to develop and market computer software, operate a placement service for computer programmers, and provide contract computer programmers. Subsequently the partnership dissolved and Moores formed BMC Software, Inc. BMC Software, Inc.

took over the development and marketing of computer software. Wayne E. Fisher and Robert Jennings Bell were employed by the corporation as software developers. Appellants alleged that both men were to receive a salary plus a one-third royalty of the gross sales for all software they authored. Wanda Bell was married to Robert Jennings Bell. They were divorced on November 15, 1988. Shirley Fisher was married to Wayne E. Fisher. They were divorced on January 21, 1985.

In December 1987, appellants intervened in a suit against appellees alleging that appellees had breached their husbands' employment agreements. Appellants sought to recover one-half of the one-third royalties allegedly owed to their husbands. Appellees moved for summary judgment. Appellees claimed that neither appellant had standing to bring suit and further alleged that Shirley Fisher's claim was barred by res judicata. The trial court granted summary judgment on February 1, 1990.

In their first point of error, appellants allege the trial court erred in granting summary judgment based on appellees' assertion that Wanda Bell lacked standing to bring this suit.

■ A summary judgment is not entitled to the same deference given to a judgment following a trial on the merits. Pursuant to rule 166a(c), a summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828–29 (Tex.1970); TEX.R.CIV.P. 166a(c). Once the movant has established a right to summary judgment, the burden shifts to the non-movant. The non-movant must then respond and present any issues which would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). When reviewing the granting of a motion for summary judgment, the appellate court does not view the evidence in the light most favorable to the judgment of the trial court. The standard for reviewing a summary judgment has been clearly

mandated by the Texas Supreme Court as follows:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubt resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984).

In their motion for summary judgment, appellees alleged that Wanda Bell had no standing to bring suit for breach of her husband's employment contract. Appellees argued that since the alleged royalties were personal earnings of Robert Bell, he had sole management, control and disposition over those funds under Tex.Fam.Code Ann. § 5.22(a) (Vernon 1975). Therefore, appellees contend that only Robert Bell had standing to bring suit to recover those earnings. In their brief, appellees argue that this argument is flawed because: (1) a spouse has a right to protect her community interest in community property from a third party where a spouse intentionally uses his right of management to deprive the other spouse of interest in the property; and (2) Wanda Bell was divorced from Robert Bell before the summary judgment was granted.

■ It is a fundamental rule of law that only the person whose primary legal right has been breached may seek redress for an injury. *Develo–Cepts, Inc. v. City of Galveston,* 668 S.W.2d 790, 794 (Tex. App.—Houston [14th Dist.] 1984, no writ); *Berger v. Berger,* 578 S.W.2d 547, 549 (Tex. Civ.App.—Houston [1st Dist.] 1979, no writ). The right to maintain an action depends upon the existence of a cause of action, which involves the combination of a right on the part of the plaintiff and a violation of such right by the defendant.

*Berger,* 578 S.W.2d at 549. No person may maintain an action in court unless it is shown that he has a justiciable interest in the subject matter of the litigation. *Id.* Without a breach of a legal right belonging to the plaintiff, no cause of action can accrue to his benefit. *Nobles v. Marcus,* 533 S.W.2d 923, 927 (Tex.1976).

■ Personal earnings are community property if earned during marriage. *See Maben v. Maben,* 574 S.W.2d 229, 232 (Tex. Civ.App.—Fort Worth 1978, no writ); Tex. Fam.Code Ann. § 5.01(b) (Vernon 1975). Though personal earnings are community property, Texas law has classified this kind of community property as "special community." *See Valdez v. Ramirez,* 574 S.W.2d 748, 750–51 (Tex.1978). "Special community" is community property that is subject to one spouse's sole management, control, and disposition. *Valdez,* 574 S.W.2d at 750–51; Tex.Fam.Code Ann. § 5.22(a) (Vernon 1975). Personal earnings are subject to the sole management, control, and disposition of the employee spouse. *See Medenco, Inc. v. Myklebust,* 615 S.W.2d 187, 189 (Tex.1981).

■ Courts have held that an employee spouse, because of his exclusive managerial power over personal earnings, has the sole authority to bring an action for recovery of the community property under his sole management. *See Lester v. United States,* 487 F.Supp. 1033, 1040 (N.D.Tex. 1980) (applying Texas law); *Weatherford v. Elizondo,* 52 F.R.D. 122, 128 (S.D.Tex. 1971) (applying Texas law).

In *Weatherford,* the husband was attempting to sue for his wife's personal injuries. The suit was a diversity action in which the husband was a citizen of New Mexico and the wife was a citizen of Texas, as were several of the defendants. The defendants alleged that the wife was an indispensable party, and, therefore, there was no complete diversity and the federal court lacked jurisdiction. 52 F.R.D. at 124. The court found that the wife was an indispensable party to an action to recover for her own personal injuries because this property was community property under

her sole management, and that the husband could not maintain the suit on his own. *Id.* at 129.

In *Lester,* a husband sued individually and on behalf of the community estate to recover damages for his wife's personal injuries. The claims for relief included, among other things, a claim for loss of Mrs. Lester's earning capacity. The court stated that it had to determine whether the Texas Legislature, by enacting TEX.FAM. CODE ANN. § 5.22 (Vernon 1975), intended to deprive a husband in all circumstances of bringing a suit to recover his wife's community property under her sole management. Citing *Weatherford v. Elizondo,* the court held that the mere relationship of husband and wife does not give the power to either spouse to bring suit for the community property under the other spouse's sole management, and that accordingly, Mrs. Lester had the sole power to bring an action because of her management power. *Lester,* 487 F.Supp. at 1040. Therefore, Mr. Lester had no standing to bring suit to recover for his wife's lost earnings. The court stated that it agreed with the holding in *Weatherford,* especially in view of certain Texas decisions holding that the wife has the sole right to manage, control, and dispose of her causes of action to recover damages for personal injuries, including lost earnings. *Lester,* 487 F.Supp. at 1040, *citing Myers v. Thomas,* 502 S.W.2d 941, 943 (Tex.Civ.App.—Beaumont 1973, no writ); *Jamail v. Thomas,* 481 S.W.2d 485, 489 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ ref'd n.r.e.). The *Lester* court also based its opinion on *Few v. Charter Oak Fire Ins. Co.,* 463 S.W.2d 424 (Tex.1971). In that case, the Texas Supreme Court held that a wife could sue to recover property considered to be community property under her sole management without the joinder of her husband. 463 S.W.2d at 427. The court held that the husband was a proper party to the suit but not an indispensable one since the recovery would be of the community property under the wife's sole management. *Id.* In *Taylor v. Gilbert Gertner Enter.,* 466 S.W.2d 337 (Tex.Civ.App.—Houston [1st Dist.] 1971, writ ref'd n.r.e.), the court of appeals,

also citing *Few v. Charter Oak,* held that a husband did not have the power to release a cause of action for his wife's personal injuries, nor did he have the sole power to prosecute a suit to recover damages for those injuries. 466 S.W.2d at 340.

At the time Wanda Bell intervened in the suit against the appellees, she was still married to Robert Bell. At that time, the royalties in question were community property under his sole management. *See* TEX. FAM.CODE ANN. § 5.22(a)(1) (Vernon 1975). The couple was not divorced until November 15, 1988, approximately eleven months after Wanda Bell instituted the suit. Thus, when the suit was commenced by Wanda Bell, she was without standing to assert such a claim. The property involved was subject to the sole management of Robert Bell, and as such, only he had the power to sue for recovery of the royalties because of his management power.

The cases cited by appellants in response to appellees' argument concerning standing are inapplicable. Appellants cite cases for the proposition that if a spouse uses his right of management to defraud the other spouse, the transaction will be set aside. First, some of the cases cited by appellants do not even mention fraud. Most importantly, however, appellants did not plead fraud except in their fourth amended petition which was struck by the trial court. They never alleged that Robert Bell conspired with appellees to defraud Wanda Bell of her property. Robert Bell was never named as a defendant in this suit. Therefore, this argument is without merit. Appellants also contend that Wanda Bell gained standing once the divorce became final in 1988 because the divorce was final before the trial court granted summary judgment for appellees.

█ A matter of first consideration by any court is the determination of its own jurisdiction. *Barnes v. Bituminous Casualty Corp.,* 495 S.W.2d 5, 9 (Tex.Civ.App.— Amarillo 1973, writ ref'd n.r.e.). Jurisdiction is fundamental in nature and must not be ignored. *Harper v. Welchem, Inc.,* 799 S.W.2d 492, 494 (Tex.App.—Houston [14th Dist.] 1990, no writ). If there is no stand-

ing on the part of the plaintiff, the trial court has no jurisdiction over the merits of the claim asserted. *Harry H. Price & Sons, Inc. v. Hardin*, 425 F.2d 1137, 1141 (5th Cir.1970), *cert. denied*, 400 U.S. 1009, 91 S.Ct. 568, 27 L.Ed.2d 622 (1971). When Wanda Bell intervened in the suit, she lacked standing. The trial court should have dismissed her claim. The fact that the divorce became final during the pendency of the suit is irrelevant.[1] A trial court determines its jurisdiction at the time a suit is filed. At that time, the court either has jurisdiction or it does not. Jurisdiction cannot subsequently be acquired while the suit is pending. The trial court had no jurisdiction. Therefore, its actions are void. Appellants' first point of error is overruled and Wanda Bell's cause of action is dismissed.

Since the trial court lacked jurisdiction as to any claim brought by Wanda Bell, it is unnecessary to decide any further points of error as to her. Since this does not apply to Shirley Fisher, her points of error will be reviewed. The plural "appellants" will still be used as that is the posture in which the appeal was brought.

■ In their second point of error, appellants contend the trial court erred in granting summary judgment based on Shirley Fisher's being barred by res judicata from bringing this cause of action.

Shirley and Wayne Fisher were divorced January 21, 1985, prior to Mrs. Fisher's intervention in this suit. When she sued her husband for divorce in 1984, she named BMC Software, Inc. as a defendant in her divorce suit seeking to recover one-half of the one-third royalties allegedly owed to her husband. Before the divorce became final, BMC moved to be dismissed from the suit. The trial court granted the motion and entered the dismissal. Although these facts are undisputed, the record does not contain either the dismissal order or the final divorce decree. These were originally

attached as an exhibit to appellees' motion for summary judgment. This is apparent from the appellees' Notice of Filing of Additional Materials in Support of Defendants' Motion for Summary Judgment which was filed in the trial court and does appear in the transcript. Appellees argued that since there was an identity of issues, subject matter, and parties, they were entitled to summary judgment based on res judicata. Appellants contend that the dismissal was voluntary and without prejudice as a nonsuit and as such could not create res judicata.

■ Res judicata bars litigation of all issues and defenses which, with the use of diligence, might have been tried in the prior suit. *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex.1984). When there has been a prior judgment in a subsequent suit in which there is identity of parties, issues, and subject matter, such judgment is treated as an absolute bar to retrial of claims pertaining to the same cause of action on the theory that they have merged into the judgment. *Id.; Abbott Labs. v. Gravis*, 470 S.W.2d 639, 642 (Tex.1971). Summary judgment may be granted upon a proper plea of res judicata. *Walker v. Sharpe*, 807 S.W.2d 442, 447 (Tex.App.—Corpus Christi 1991, no writ). A party asserting the defense of res judicata has the burden to present sufficient evidence to establish that it should apply, including proving the judgment and pleadings from the prior suit. *Id.*

■ Appellees included the judgment and pleadings from the divorce action in their motion for summary judgment. The prior suit involved the same parties, issues, and subject matter as this suit. By adding BMC as a defendant in her divorce action, Shirley Fisher sought the same relief she seeks here. When BMC was dismissed from the suit and a final judgment was entered, the dismissal merged with the final divorce decree and became final on

---

**1.** During oral argument, appellants argued that the divorce became final after appellees had withdrawn their motion for summary judgment and before the motion was re-urged, and thus the standing issue was moot. It appears from the record that the motion was withdrawn only as to plaintiffs Boulette, Cloer, and Barry, not as to appellants. Therefore, this argument is without merit.

January 21, 1985. *See Astra Bar, Inc. v. Manges*, 608 S.W.2d 702, 705 (Tex.Civ. App.—Corpus Christi 1980, no writ) (order striking cross-claims merged into later final judgment). If a party or a suit is dismissed without prejudice, or if the plaintiff takes a voluntary nonsuit, res judicata has not occurred. *Moore v. Texas Oil and Gas Corp.*, 580 S.W.2d 133, 136–37 (Tex.Civ. App.—Waco 1979, writ ref'd n.r.e.); *Transamerica Ins. Co. v. Frost Nat'l Bank of San Antonio*, 501 S.W.2d 418, 422 (Tex. Civ.App.—Beaumont 1973, writ ref'd n.r.e.). In general, if the dismissal is with prejudice, res judicata applies. *Cowgill v. White*, 543 S.W.2d 437, 439 (Tex.Civ.App.— Corpus Christi 1976, writ ref'd n.r.e.). Also, if the dismissal is entered by agreement of the parties in pursuance of the compromise or settlement of a controversy, res judicata applies. *Murray v. Murray*, 611 S.W.2d 172, 174 (Tex.Civ.App.—El Paso 1981, no writ); *Rhoades v. Prudential Leasing Corp.*, 413 S.W.2d 404, 407 (Tex.Civ.App.—Austin 1967, no writ).

The record here does not contain the dismissal order. The nature of the dismissal is therefore undetermined. It is the appellant's burden to bring forward the record of the summary judgment hearing to prove whether there is harmful error. *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 689 (Tex.1990). Absent a complete record of the summary judgment proof, an appellate court must assume that the omitted documents support the judgment of the trial court. *Id.; Stiver v. Texas Instruments, Inc.*, 750 S.W.2d 843, 845–46 (Tex. App.—Houston [14th Dist.] 1988, no writ). When there are no specific grounds for a dismissal, it is to be treated as a final adjudication on the merits. *Allen v. Port Drum Co.*, 777 S.W.2d 776, 778 (Tex. App.—Beaumont 1989, writ denied). Therefore, under *DeSantis* and *Allen*, it must be assumed that the order supported the trial court's judgment and was a final adjudication on the merits. Appellants' second point of error is overruled.

Appellants' third point of error alleges that the trial court erred in granting summary judgment because Shirley Fisher did not have standing. When the trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989). Since the summary judgment was correctly granted based on the defense of res judicata, it is unnecessary to review this allegation. The third point of error is overruled.

In point of error four, appellants allege that the trial court erred in striking seven affidavits without giving appellants an opportunity to amend.

Two of the affidavits in question, the second supplemental affidavit of Shirley Fisher and the second supplemental affidavit of Wanda Bell, were filed on January 25, 1990, less than seven days before the summary judgment hearing of February 1, 1990. Rule 166a(c) states that an adverse party may file affidavits not later than seven days prior to the summary judgment hearing. Tex.R.Civ.P. 166a(c). To file within the seven days, the adverse party must obtain leave of court. *Id.* It is entirely within the trial court's discretion to allow the late filing of opposing proof or to consider any late-filed answer prior to the signing of the summary judgment. *Harkins v. State*, 773 S.W.2d 401, 403 (Tex. App.—Houston [14th Dist.] 1989, no writ). Appellees re-urged their motion for summary judgment in December of 1989. Appellants had over a month in which to file opposing affidavits. Appellants did not file the affidavits until six days before the hearing. It is not an abuse of discretion for the trial court to refuse to consider untimely affidavits opposing a motion for summary judgment. *See Pinckley v. Gallegos*, 740 S.W.2d 529, 532 (Tex.App.— San Antonio 1987, writ denied).

The affidavit of Scott Boulette is not in the record. As stated above, it is the appellant's burden to bring forward the record of the summary judgment hearing to prove harmful error. *DeSantis*, 793 S.W.2d at 689. Because the affidavit is not in the record, this court is unable to determine whether its defects are such that rule

166a(f) would require there to be an opportunity to amend.

Rule 166a(f) states, in pertinent part:
Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend.

TEX.R.CIV.P. 166a(f). Only if the defects are of form does the trial court have to allow a party an opportunity to amend. Since this court does not know whether the defects were of form or of substance, it cannot be said that the trial court erred in striking this affidavit without giving appellants an opportunity to amend.

The remaining four affidavits are in the record and were timely filed. Under rule 166a(f), defects in the form of an affidavit could be grounds for reversal if the proponent was not allowed an opportunity to amend. *De Los Santos v. Southwest Texas Methodist Hosp.*, 802 S.W.2d 749, 755 (Tex.App.—San Antonio 1990, no writ). If the defect is one of substance, the trial court does not have to allow an opportunity to amend. *See Id.; Elam v. Yale Clinic*, 783 S.W.2d 638, 643 (Tex.App.—Houston [14th Dist.] 1989, no writ); *Norcross v. Conoco, Inc.*, 720 S.W.2d 627, 632 (Tex.App.—San Antonio 1986, no writ).

The first supplemental affidavit of Shirley Fisher contained hearsay, legal conclusions, and information that was wholly irrelevant to the breach of contract claim. These defects were pointed out to the trial court by written objections. The court sustained these objections and struck the objectionable portions of the affidavit. These defects were defects of substance. *See Wright v. Lewis*, 777 S.W.2d 520, 524 (Tex. App.—Corpus Christi 1989, writ denied); *Elam*, 783 S.W.2d at 643; *Landscape Design and Construction, Inc. v. Warren*, 566 S.W.2d 66, 67 (Tex.Civ.App.—Dallas 1978, no writ); *Mercer v. Daoran Corp.*, 676 S.W.2d 580, 583 (Tex.1984). Since the defects are defects of substance, the trial court was not required to allow appellants the opportunity to amend. *See De Los Santos*, 802 S.W.2d at 755; *Elam*, 783 S.W.2d at 643.

Appellees objected to the supplemental affidavit of Wanda Bell on grounds that it contained hearsay and legal conclusions, was irrelevant and lacked personal knowledge. As with the Fisher affidavit, the defects are substantive defects and the trial court was not required to give appellants an opportunity to amend.

The last affidavits complained of by appellants are the supplemental and second supplemental affidavits of Daniel Cloer. These affidavits contain nothing but hearsay, lack any facts showing Mr. Cloer had personal knowledge of the events in question, and are irrelevant to the breach of contract claim raised by appellants. *See Wright*, 777 S.W.2d at 524; *Landscape Design*, 566 S.W.2d at 67. Therefore, no opportunity to amend was required under rule 166a(f). *De Los Santos*, 802 S.W.2d at 755; *Elam*, 783 S.W.2d at 643.

Further, appellants never requested an opportunity to amend any defects in the trial court. The trial court did not err in striking the affidavits. *See Wright*, 777 S.W.2d at 522. Appellants' fourth point of error is overruled.

In their fifth point of error, appellants allege the trial court erred in striking their Fourth Amended Petition and refusing to allow them an opportunity to amend their pleadings.

On December 31, 1987, a second amended petition was filed which asserted a breach of contract claim. On March 7, 1988, appellees filed their motion for summary judgment. The motion was argued on April 26, 1988, but the trial court made no ruling. On December 21, 1989, the trial court advised the parties that another hearing on the motion for summary judgment was set for February 1, 1990. On January 25, 1990, six days before the scheduled hearing and nearly a month after the trial court had advised the parties of the hearing date, appellants filed a motion for leave to file a fourth amended petition and the petition itself. Appellants' argument in support of their motion for leave to file was simply that "said matters may aid the Court in deciding Defendants' Motion for

Summary Judgment." After the hearing, the court signed an order denying appellants' motion for leave to file and granting appellees' motion to strike the fourth amended petition from the record. In its order, the trial court stated that the fourth amended petition was "calculated to and would operate as a surprise of (sic) the defendants" and "that plaintiffs have failed to show why they could not have asserted these claims prior to seven days before the hearing on defendants' motions for summary judgment."

The fourth amended petition added the tort claim of fraudulent concealment and other new causes of action. This new claim reshaped the original breach of contract suit and was not asserted until almost two years after appellees' filed their motion for summary judgment. Appellants gave no reason why this claim could not have been added within the time frame set by rule 63. At the time the trial court struck the fourth amended petition, rule 63 stated, in pertinent part:

> Parties may amend their pleadings ... as they may desire by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite party; provided, that any amendment offered for filing within seven days of the date of trial or thereafter, or after such time as may be ordered by the judge under Rule 166, shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposite party.

TEX.R.CIV.P. 63 (prior to Sept. 1, 1990 amendment). A summary judgment proceeding is a trial within the meaning of rule 63. *Goswami v. Metro. Sav. & Loan Ass'n,* 751 S.W.2d 487, 490 (Tex.1988); *Energo Int'l Corp. v. Modern Indus. Heating, Inc.,* 722 S.W.2d 149, 151 (Tex.App.—Dallas 1986, no writ). Therefore, rule 63 is applicable to this case.

 Denial of leave to file an amended pleading under rule 63 is discretionary and will not be overturned on appeal unless a clear abuse of discretion is shown. *Hill v. Whiteside,* 749 S.W.2d 144, 154 (Tex.App.—

Fort Worth 1988, writ denied). A trial court has no discretion to refuse an amendment unless the opposing party presents evidence of surprise or prejudice, or the amendment asserts a new cause of action or defense, and thus is prejudicial on its face, and the opposing party objects to the amendment. *Greenhalgh v. Service Lloyds Ins. Co.,* 787 S.W.2d 938, 939 (Tex. 1990); *Forest Lane Porsche Audi Assocs. v. G & K Servs.,* 717 S.W.2d 470, 473 (Tex.App.—Fort Worth 1986, no writ). Surprise may be shown as a matter of law if the pleading asserts a new and independent cause of action or defense. *Id.*

Appellees objected to the fourth amended petition claiming surprise. Appellants have made no showing of why the new claims could not have been added earlier. The trial court did not abuse its discretion. Appellants' fifth point of error is overruled.

The judgment of the trial court is dismissed in part and affirmed in part. The cause, as it regards Wanda Bell, is dismissed. The summary judgment granted in favor of appellees as to Shirley Fisher is affirmed.