

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00034-CV
_____

WALLER COUNTY, TEXAS, ET AL., APPELLANTS

V.

KEN PAXTON, TEXAS ATTORNEY GENERAL, APPELLEE

On Appeal from the 98th District Court
Travis County, Texas[1]
Trial Court No. D-1-GN-16-004091, Honorable Maria Cantú Hexsel, Presiding

August 17, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellants Waller County, Texas, et al., appeal the trial court's order denying their motion to dismiss for lack of jurisdiction. We reverse.

_____

[1] Pursuant to the Supreme Court's docket equalization efforts, this case was transferred to this Court from the Third Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

BACKGROUND

Ken Paxton, Attorney General of Texas, sued Waller County in August of 2016 asserting that the County was unlawfully attempting to prohibit licensed handgun owners carrying handguns from accessing portions of the county courthouse building in violation of section 411.209 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 411.209.[2] Section 411.209 was enacted to address concerns that in some places where it is legal to carry a concealed handgun, some governmental entities have posted signs erroneously indicating that entry onto the property with a concealed handgun is prohibited. *See Paxton v. City of Austin*, No. 03-19-00501-CV, 2021 Tex. App. LEXIS 5836, at *1–2 (Tex. App.—Austin July 22, 2021, pet. denied) (mem. op.). The statute creates a civil penalty for a state agency or political subdivision that provides notice that a license holder carrying a handgun is prohibited on property owned by the governmental entity unless carrying a handgun in such locations is expressly prohibited under the Penal Code. TEX. GOV'T CODE ANN. § 411.209.

The Attorney General's suit challenges the legality of signs posted at all four entrances to the Waller County Courthouse, which appear as follows:

---

[2] In a previous opinion, this Court addressed the trial court's denial of the Attorney General's plea to the jurisdiction, which the Attorney General filed in response to the County's counterclaims. *See Paxton v. Waller County*, 620 S.W.3d 843 (Tex. App.—Amarillo 2021, pet. denied).



The County filed a motion to dismiss the lawsuit for lack of jurisdiction. After the trial court denied the motion, the County brought this interlocutory appeal.

## ANALYSIS

A motion to dismiss based on a lack of subject matter jurisdiction is the functional equivalent of a plea to the jurisdiction. *In re Elamex, S.A. de C.V.*, 367 S.W.3d 891, 897 (Tex. App.—El Paso 2012, orig. proceeding). Whether a trial court has subject matter

jurisdiction is a question of law subject to de novo review. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 502 (Tex. 2010).

As a political subdivision of the State, the County is entitled to governmental immunity. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003) (governmental immunity protects political subdivisions of State, including counties, cities, and school districts). Governmental immunity, composed of both immunity from liability and immunity from suit, implicates a trial court's jurisdiction and, when it applies, precludes suit against a governmental entity. *Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). A governmental entity retains its immunity unless the legislature clearly and unambiguously waives it. *See Dohlen v. City of San Antonio*, 643 S.W.3d 387, 392 (Tex. 2022).

The Attorney General contends that the County's governmental immunity has been waived under section 411.209(h) of the Texas Government Code. Subsection (h) of the statute provides that "[s]overeign immunity to suit is waived and abolished to the extent of liability created by this section." TEX. GOV'T CODE ANN. § 411.209(h). "When a statute waives immunity from suit to the extent of liability, it directs the inquiry to the statute's elements and may require a court to consider those elements at both the jurisdictional and merits stages." *Dohlen*, 643 S.W.3d at 392 (citing *State v. Lueck*, 290 S.W.3d 876, 883 (Tex. 2009)). When immunity is waived for an alleged violation of a statute, a plaintiff must "actually allege" a violation of the statute. *Id.* Thus, to invoke section 411.209's waiver of immunity, the Attorney General had to plead facts sufficient to support his claim that the County violated the statute. *Id.* at 394.

4

In his petition, the Attorney General asserted that the County violated section 411.209(a). The version of section 411.209(a) in effect at the time the Attorney General filed suit in 2016 provided:

> A state agency or a political subdivision of the state may not provide notice by a communication described by Section 30.06, Penal Code, or by any sign expressly referring to that law or to a concealed handgun license, that a license holder carrying a handgun under the authority of this subchapter is prohibited from entering or remaining on a premises or other place owned or leased by the governmental entity unless license holders are prohibited from carrying a handgun on the premises or other place by Section 46.03 or 46.035, Penal Code.

Act of June 16, 2015, 84th Leg., R.S., ch. 593, § 1, 2015 TEX. GEN. LAWS 2000, 2000–01.[3]

In the "Facts" section of his first amended petition, the Attorney General alleges that, before filing suit, he advised the County that it was in violation of section 411.209 "by prohibiting the possession of handguns from the entire premises of the county courthouse building, despite the fact that by its own admission the County also maintains non-judicial county administrative offices, such as the county treasurer and county elections offices in that building." The petition further asserts that "the County prohibits *by its signage* licensed handgun holders from entering the building at all," in violation of the provisions of the Government Code. (Emphasis added). A photograph of the

---

[3] The legislature amended section 411.209(a) in 2017, *see* Act of June 15, 2017, 85th Leg., R.S., ch. 1143, §§ 5, 6, 2017 TEX. GEN. LAWS 4355, 4356, and 2019, *see* Act of June 10, 2019, 86th Leg., R.S., ch. 784, § 1, 2019 TEX. GEN. LAWS 2229, 2229–30, expanding its scope to prohibit "*any action*, including an action consisting of the provision of notice by a communication described by Section 30.06 or 30.07, Penal Code, that states *or implies* that a license holder who is carrying a handgun under the authority of this subchapter is prohibited from entering or remaining on a premises or other place owned or leased by the governmental entity . . . ." TEX. GOV'T CODE ANN. § 411.209(a) (emphases added). These amendments became effective on September 1, 2017, and September 1, 2019, respectively, and thus were not in effect when this lawsuit was filed in 2016. For purposes of our analysis, all references to section 411.209 will be to the version of that statute in effect in 2016.

County's signage is attached to the petition. The Attorney General maintains that the County's signs violate the version of section 411.209(a) in effect in 2015–2017 as well as the versions in effect in 2017–2019 and 2019–present.

Further, in his response to the County's motion to dismiss, the Attorney General argued that, in the alternative, the County violated section 411.209(a) when County personnel made certain oral communications to courthouse visitors.[4] Specifically, the Attorney General alleges that on September 7, 2016; February 27, 2017; and January 5, 2018, license holders visited the courthouse and were orally informed by a deputy sheriff posted at the entrance that they could not carry handguns into the building, in violation of section 411.209(a). The question before us is whether the Attorney General has pleaded facts sufficient to support his claim that the County violated section 411.209(a).

At the outset, we must establish the relevant point in time for our jurisdictional analysis. "A trial court determines its jurisdiction at the time a suit is filed. At that time, the court either has jurisdiction or it does not. Jurisdiction cannot subsequently be acquired while the suit is pending." *Bell v. Moores*, 832 S.W.2d 749, 754 (Tex. App.—Houston [14th Dist.] 1992, writ denied); *see also McMillan v. Aycock*, No. 03-18-00278-CV, 2019 Tex. App. LEXIS 2624, at *8 (Tex. App.—Austin Apr. 3, 2019, no pet.) (mem. op.); *In re N.I.V.S.*, No. 04-14-00108-CV, 2015 Tex. App. LEXIS 2282, at *6 (Tex. App.—San Antonio Mar. 11, 2015, no pet.) (mem. op.); *In re C.M.J.*, No. 02-12-00036-CV, 2012 Tex. App. LEXIS 10601, at *5–6 (Tex. App.—Fort Worth Dec. 21, 2012, no pet.) (mem. op.). Thus, our concern is whether the trial court had jurisdiction to hear the case at the

---

[4] Allegations of unlawful oral communications are not included in the Attorney General's first amended petition.

6

time the lawsuit was initiated.[5]  *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 n.9 (Tex. 1993).  Accordingly, allegations of violations that occurred after the lawsuit was filed cannot operate to create jurisdiction and are therefore not relevant to our analysis.

We focus our inquiry on whether, at the inception of the suit, the Attorney General alleged facts that stated a cause of action under the statute in effect at the time.  We conclude that he has not.

"To be a prohibited notice under former Section 411.209(a), [a] notice must be either 'by a communication described by Section 30.06, Penal Code' or 'by any sign expressly referring to that law or to a license to carry a handgun.'"  *City of Austin*, 2021 Tex. App. LEXIS 5836, at *10.[6]

We first consider whether the complained-of notices were communications described by section 30.06 of the Penal Code.  Section 30.06 describes two types of communications: oral and written.  *See* TEX. PENAL CODE ANN. § 30.06(b) ("For purposes of this section, a person receives notice if the owner of the property or someone with apparent authority to act for the owner provides notice to the person by oral or written communication.").  Although the Attorney General's pleadings include factual allegations of oral communications that violated section 411.209(a), those alleged violations occurred

---

[5] Consequently, we must reject the Attorney General's contention that, "regardless of the final resolution of this interlocutory appeal, the trial court still has jurisdiction over the Attorney General's claim for civil penalties for violations of Section 411.209 since it [was] amended in 2019 and violations of Section 411.209 on the three days on which Waller County gave oral communications."

[6] The court in *City of Austin* was construing the 2015 version of section 411.209(a), as we are here.

7

after suit was filed on August 29, 2016.  As such, they cannot be the basis for jurisdiction at the inception of the suit.  *See Bell*, 832 S.W.2d at 754.

That leaves for our consideration the question of whether the notice posted by the County is a "written communication" described by section 30.06.  Section 30.06 expressly defines "written communication" to mean either (A) "a card or other document on which is written language identical to the following: 'Pursuant to Section 30.06, Penal Code (trespass by license holder with a concealed handgun), a person licensed under Subchapter H, Chapter 411, Government Code (handgun licensing law), may not enter this property with a concealed handgun'" or (B) a sign posted on the property that "includes the language described by Paragraph (A) in both English and Spanish . . . ."  TEX. PENAL CODE ANN. § 30.06(c)(3).

As shown above, the County's sign states:

WARNING[:]  PURSUANT TO TEXAS PENAL CODE SECTION 46.03(a)(3), A PERSON COMMITS AN OFFENSE IF THE PERSON INTENTIONALLY, KNOWINGLY, OR RECKLESSLY POSSESSES OR GOES WITH A FIREARM, ILLEGAL KNIFE, CLUB, OR PROHIBITED WEAPON LISTED IN SECTION 46.05(a) ON THE PREMISES OF ANY GOVERNMENT COURT OR OFFICES UTILIZED BY THE COURT, UNLESS PURSUANT TO WRITTEN REGULATIONS OR WRITTEN AUTHORIZATION OF THE COURT.  VIOLATORS MAY BE CHARGED WITH A THIRD DEGREE FELONY.

Clearly, the sign does not include "written language identical to" the language set forth in section 30.06(c)(3)(A) ("Pursuant to Section 30.06, Penal Code . . . a person licensed under Subchapter H, Chapter 411, Government Code . . . may not enter this property with a concealed handgun.").  Thus, we conclude that the County's sign is not "a communication described by section 30.06."  *See* TEX. GOV'T CODE ANN. § 411.209(a).

8

We next consider whether the County's sign is "any sign expressly referring to [section 30.06] or to a concealed handgun license." *Id.* Reading the plain language of the sign, we find no express reference to section 30.06 or to a license to carry a handgun. We therefore conclude that the County's sign is not a sign expressly referring to section 30.06 or to a concealed handgun license.

The Attorney General argues that section 411.209(a)'s prohibition on certain communications "does not require a verbatim transcription of the words found only in subsection 30.06(c)(3)." The Attorney General submits that the statute should be construed to prevent all wrongful exclusions of handgun license holders from government buildings. This argument is, in effect, a request that this Court ignore the plain language of section 411.209(a) in force at the time the Attorney General filed this lawsuit.

We are constrained to construe section 411.209(a) as it existed in 2016. *Hegar v. American Multi-Cinema, Inc.*, 605 S.W.3d 35, 44 (Tex. 2020). That statute's prohibition is unambiguous: it forbids notice by a communication "described by [s]ection 30.06 of the Penal Code" or by signs "expressly referring to" section 30.06 or to a concealed handgun license. TEX. GOV'T CODE ANN. § 411.209(a). "[W]here text is clear, text is determinative of [legislative] intent." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 n.9 (Tex. 2009); *see also In re Estate of Nash*, 220 S.W.3d 914, 917 (Tex. 2007) ("If a statute is clear and unambiguous, we apply its words according to their common meaning without resort to rules of construction or extrinsic aids."). We must enforce the plain language of this unambiguous statute, neither artificially restricting it nor improperly expanding it. Thus, we will not enlarge the scope of section 411.209(a) by applying it to communications other than those described in its enacted language.

9

As discussed above, the County's signs do not fall within the parameters of the statute in effect at the time this lawsuit was filed in 2016. For the purposes of this jurisdictional inquiry, we need not reach the issue of whether the County's signs or oral communications violate the current version of the statute.

The trial court's jurisdiction is waived only "to the extent of liability created" by 411.209(a), which means that the plaintiff must actually allege a violation of the statute. TEX. GOV'T CODE ANN. § 411.209(h); *see Dohlen*, 643 S.W.3d at 392, 394. The Attorney General's pleadings do not demonstrate that he pleaded facts sufficient to support his claim that the County violated section 411.209(a). Therefore, we conclude that the Attorney General failed to invoke the waiver of immunity provided by section 411.209(h).

## CONCLUSION

We reverse the trial court's ruling denying Waller County's motion to dismiss for lack of jurisdiction. Where a plaintiff's pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should ordinarily be afforded the opportunity to amend. *Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007). We conclude that the Attorney General should be offered an opportunity to amend his pleadings. Accordingly, we remand this cause to the trial court to allow the Attorney General thirty days to amend his pleadings to demonstrate the existence of jurisdiction. Otherwise, the trial court shall dismiss the case for want of jurisdiction.

Judy C. Parker
Justice

10