**Opinion issued January 23, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00186-CV

———————————

**HARRIS CENTRAL APPRAISAL DISTRICT, Appellant**

**V.**

**SHU SEAN ZHENG, Appellee**

---

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-72964**

---

## MEMORANDUM OPINION

Harris Central Appraisal District ("HCAD") appeals the trial court's order denying its plea to the jurisdiction. HCAD argues that Shu Sean Zeng filed his petition for review of HCAD's appraised value of his property after the applicable 60-day deadline, and therefore the trial court lacked jurisdiction over his petition and

his later amended petitions. For the reasons explained below, we agree. Therefore, we reverse the trial court's order denying HCAD's plea to the jurisdiction and render judgment dismissing Zheng's claims for lack of subject matter jurisdiction.

## BACKGROUND

Zheng filed an original petition for review in district court on November 12, 2020. His petition challenged HCAD's appraised value of his property for the 2020 tax year. He later amended his petition to include challenges to HCAD's appraised values of his property for the 2021 and 2022 tax years.

HCAD then filed a plea to the jurisdiction asserting Zheng did not timely file his original petition for review, which deprived the trial court of subject matter jurisdiction from the time Zheng filed suit. The trial court denied HCAD's plea, citing the Texas Supreme Court's emergency order that allowed courts to extend deadlines during the COVID-19 pandemic. HCAD filed a motion for reconsideration, which the trial court also denied. HCAD now appeals, arguing the trial court erred in denying its plea to the jurisdiction.

## DISCUSSION

### Section 42.21 of the Tax Code and Subject Matter Jurisdiction

Each year, a county appraisal district appraises all taxable property within its boundaries. *See* TEX. TAX CODE § 23.01(a). A property owner may protest the appraised value of his property by filing a notice of protest with his local appraisal

review board. *Id.* § 41.44(a). The appraisal review board, after determining the merits of the property owner's claim, must issue a written order and send by certified mail: (1) a notice of the order's issuance; and (2) a copy of the order. *Id.* § 41.47(a), (d).

The property owner may appeal the order by filing a petition for review in a district court "within 60 days after the party received notice that a final order has been entered." *Id.* § 42.21(a). The 60-day filing deadline is jurisdictional, meaning that if the property owner does not timely file the petition, the trial court lacks subject matter jurisdiction to hear the appeal. *See id.* (stating that "[f]ailure to timely file a petition bars any appeal" of final order); *Appraisal Rev. Bd. v. Int'l Church of Foursquare Gospel*, 719 S.W.2d 160, 160 (Tex. 1986) (per curiam) (dismissing property owner's suit for lack of jurisdiction because "[c]ompliance with § 42.21 is jurisdictional"); *Mansion Partners, Ltd. v. Harris Cnty. Appraisal Dist.*, No. 01-20-00565-CV, 2022 WL 175357, at *3 (Tex. App.—Houston [1st Dist.] Jan. 20, 2022, no pet.) (mem. op.) ("Timely filing of the petition for review is jurisdictional."); *see also* TEX. GOV'T CODE § 311.034 (statutory prerequisites to suit are jurisdictional requirements in suit against governmental entity).

Subject matter jurisdiction is "essential" to a court's authority to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Subject matter jurisdiction "is never presumed and cannot be waived." *Id.* at 443–44. The

issue of subject matter jurisdiction may be raised at any time, even for the first time on appeal. *Id.* at 445. Failure to comply with a jurisdictional requirement to suit "deprives the trial court of power to act, other than to determine that it lacks jurisdiction." *Goss v. City of Houston*, 391 S.W.3d 168, 173 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

### *Standard of Review*

A party may challenge the existence of subject matter jurisdiction through a plea to the jurisdiction. *Klumb v. Houston Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 8 (Tex. 2015). The existence of subject matter jurisdiction is a question of law that we review de novo. *Id.* We consider the pleadings and factual assertions by the parties, along with evidence in the record that is relevant to the jurisdictional issue. *Id.* We look to the plaintiff's intent and construe the pleadings liberally in his favor to determine whether he has alleged facts affirmatively demonstrating jurisdiction. *Id.* If the pleadings do not plead sufficient facts to demonstrate jurisdiction but do not affirmatively negate jurisdiction, the trial court must give the plaintiff the opportunity to amend. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004). If the pleadings affirmatively negate jurisdiction, then the trial court must grant the plea without giving the plaintiff an opportunity to amend. *Id.* at 227.

If the plea to the jurisdiction challenges the existence of jurisdictional facts, we consider whether the evidence in the record raises a fact issue. *Id.* at 227–28. If so, the trial court cannot grant the plea to the jurisdiction, and the fact issue must be resolved by the factfinder. *Id.* But if the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court may rule on the plea to the jurisdiction as a matter of law. *Id.* at 228.

*Analysis*

HCAD raises only one issue on appeal: that the trial court erred in denying its plea to the jurisdiction. That issue relies on three arguments: (1) Zheng did not timely file his original petition; (2) the Supreme Court's applicable COVID-19 emergency order did not extend the jurisdictional deadline to file the original petition; and (3) Zheng's amended petitions did not confer jurisdiction because the original petition was null. We agree with each of these arguments and conclude the trial court erred in denying HCAD's plea to the jurisdiction.

1. *Original Petition for Review Was Untimely*

HCAD argues that Zheng's pleadings and jurisdictional evidence establish that he did not timely file his original petition for review, and the trial court lacked subject matter jurisdiction because the Tax Code's 60-day filing deadline is a jurisdictional requirement. Based on Zheng's claim that he received notice on or

5

about September 5, 2020, HCAD asserts that he needed to have filed his petition by November 5, 2020. Zheng did not file his petition until November 12.

Zheng argues that HCAD needed to prove the date he received notice to prove that his November 12 filing was past the 60-day deadline, and he argues HCAD did not prove that date. The 60-day deadline to file a petition begins on the date the property owner receives notice. *See* TEX. TAX CODE § 42.21(a). Generally, for a party to prevail on its plea to the jurisdiction based on Section 42.21 of the Tax Code, that party must prove the property owner received notice more than 60 days before filing his petition. *See Mansion Partners*, 2022 WL 175357, at *4.

HCAD argues in response that it did not need to offer evidence to prove the date Zheng received notice because Zheng's pleadings and jurisdictional evidence establish that he received notice more than 60 days before filing his petition.

Zheng attached an affidavit to his response to HCAD's plea to the jurisdiction. In the affidavit, he referred to his original petition and stated that he "voluntarily offered into the records the full factual accounting of the extraordinary events and facts that led to and caused the two-week delay in the filing of [his] Original Petition." He went on to say, "I had always intended and planned to file my Original Petition within the 60-day deadline. If not for [certain events and facts], I would have filed the Original Petition within the 60-day deadline."

After HCAD filed a motion to reconsider the order denying its plea to the jurisdiction, Zheng filed another response with another affidavit. In this affidavit, he stated:

> I received the Appraisal Review Board's Order Determining Protest letter for tax year 2020 on or around September 5, 2020. . . . Based on the receipt date of September 5, 2020, I had calculated the 60-day statute of limitation deadline as specified in § 42.21 of the Texas Property Code to be November 5, 2020. Subsequently and with the advice of legal counsel I now understand that the correct day for this 60-day statutory deadline should have been November 4, 2020.

We agree with HCAD that Zheng's evidence establishes he received notice more than 60 days before filing his petition; Zheng admits he did not timely file his petition.

Zheng argues that we must consider his intent in his pleadings. *See Klumb*, 458 S.W.3d at 8 (explaining that in determining subject matter jurisdiction, courts look to plaintiff's intent and construe pleadings liberally in his favor). He argues that his pleadings show he intended to file on time. Zheng argued in both his original petition and response to HCAD's plea to the jurisdiction that he intended to file his petition timely, but due to extraordinary circumstances, he could not.[1] These pleadings thus acknowledge that Zheng did not timely file his petition.

---

[1] In his original petition, Zheng stated:

> Plaintiff, however, has been repeatedly delayed by changes in the Court's filing procedures for Pro Se filers due to the COVID19 pandemic, challenges in securing legal representation and expert testimony, demands of the ongoing litigation Plaintiff has been pursuing . . . , and a

Zheng also argues that his original petition specifically pleaded that he complied with all conditions precedent to filing suit, which shifted the burden of proof to HCAD to specifically deny that the conditions precedent did not occur. He argues HCAD did not file an answer indicating which conditions precedent did not occur. However, HCAD filed a plea to the jurisdiction, which challenges the trial court's subject matter jurisdiction. Subject matter jurisdiction is "essential" to a court's authority to decide a case. *Tex. Ass'n of Bus.*, 852 S.W.2d at 443. It "is never presumed and cannot be waived." *Id.* at 443–44. Thus, HCAD could not waive the issue of subject matter jurisdiction by failing to deny a particular condition precedent when, as here, the condition precedent to suit is a jurisdictional requirement. *See Gilles-Gonzalez v. Univ. of Tex. Sw. Med. Ctr.*, No. 05-16-00078-CV, 2016 WL 3971411, at *3–4 (Tex. App.—Dallas July 22, 2016, no pet.) (mem. op.) (rejecting plaintiff's argument that trial court could not grant plea to jurisdiction because plaintiff pleaded she met all conditions precedent and defendant did not specifically

---

flesh wound Plaintiff suffered on October 29, 2020 where Plaintiff's left thumb was lacerated by a knife to a depth of half-inch, consequently Plaintiff was unable to file this Petition before the sixty-(60)-day deadline on November 5, 2020, which is only one-week prior to the final filing date of this Petition.

In his response to HCAD's plea to the jurisdiction, Zheng argued that his original petition established his intent to file the original petition within the 60-day deadline, quoted the preceding paragraph, and argued that if not for these extenuating circumstances, he would have.

deny any condition precedent, and explaining that court must consider subject matter jurisdiction regardless of specific denial of condition precedent).

Therefore, Zheng's pleadings and jurisdictional evidence establish that Zheng did not timely file his original petition for review.

### 2. COVID-19 Emergency Order Did Not Extend Jurisdictional Deadline

HCAD next argues that Zheng cannot rely on the Texas Supreme Court's emergency order to extend the jurisdictional 60-day filing deadline. *See generally Kim v. Ramos*, 632 S.W.3d 258, 266–67 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (providing history of Texas Supreme Court's emergency orders regarding COVID-19 following governor's issuance of initial disaster declaration in March 2020).

The Supreme Court's *Twenty-Sixth Emergency Order Regarding the COVID-19 State of Disaster*, the applicable order here, states:

> Subject only to constitutional limitations, all courts in Texas may in any case, civil or criminal—and must to avoid risk to court staff, parties, attorneys, jurors, and the public—without a participant's consent . . . , modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order, for a stated period ending no later than December 1, 2020[.]

*Twenty-Sixth Emergency Order Regarding COVID-19 State of Disaster*, 609 S.W.3d 135, 135 (Tex. 2020). Zheng argues that the plain language of this order applies to extend the deadline for filing a petition for review under Section 42.21 of the Tax Code.

However, every court that has considered the issue has concluded that the Supreme Court's COVID-19 emergency orders do not extend jurisdictional deadlines to create jurisdiction where it would not otherwise exist. *E.g.*, *Nix v. City of Beaumont*, No. 09-22-00042-CV, 2023 WL 4781212, at *5 (Tex. App.—Beaumont July 27, 2023, no pet.) (mem. op.) (stating emergency orders do not extend deadline for perfecting appeal, grant authority to revive jurisdiction once appellate deadline passes, or grant jurisdiction where none otherwise exists); *Harris County v. Davidson*, 653 S.W.3d 318, 323 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (concluding emergency order did not extend jurisdictional deadline for filing suit because order does not create jurisdiction where none exists); *Prescod v. Tkach*, No. 02-21-00162-CV, 2022 WL 246858, at *5 (Tex. App.—Fort Worth Jan. 27, 2022, no pet.) (mem. op.) ("The emergency orders do not give courts authority to revive jurisdiction once a *jurisdictional* deadline has passed."); *Choudry v. Choudry*, No. 01-20-00698-CV, 2021 WL 3556660, at *1 n.1 (Tex. App.—Houston [1st Dist.] Aug. 12, 2021, no pet.) (per curiam) (mem. op.) ("[A]lthough the Supreme Court's emergency order provides that courts may modify or suspend deadlines . . . , nothing in the emergency order suggests that it may be interpreted to grant jurisdiction where jurisdiction no longer exists."); *Quariab v. El Khalili*, No. 05-20-00979-CV, 2021 WL 960646, at *1 (Tex. App.—Dallas Mar. 15, 2021, no pet.) (mem. op.) (concluding emergency order did not reinstate trial court's jurisdiction by extending

10

deadline to exercise plenary power); *Cantu v. Trevino*, No. 13-20-00299-CV, 2020 WL 6073267, at *5 (Tex. App.—Corpus Christi–Edinburg Sept. 24, 2020, no pet.) (mem. op.) ("[N]othing in the emergency orders suggest that they alter the rules of appellate procedure or purport to grant jurisdiction where none exists."); *see also In re State ex rel. Ogg*, 618 S.W.3d 361, 364 (Tex. Crim. App. 2021) (interpreting Supreme Court's emergency orders as "presuppos[ing] a pre-existing power or authority over the case or the proceedings" and granting courts ability to "extend a deadline . . . that would otherwise be part of the court proceedings," but orders "do[] not suggest that a court can create jurisdiction for itself where the jurisdiction would otherwise be absent").

Zheng has not cited any authority to the contrary, nor have we found any. He only argues there is nothing in the plain language of the order itself indicating a court cannot extend jurisdictional deadlines. Yet every court interpreting the orders has concluded the emergency orders do not extend jurisdictional deadlines. *E.g.*, *Choudry*, 2021 WL 3556660, at *1 n.1 ("[N]othing in the emergency order suggests that it may be interpreted to grant jurisdiction where jurisdiction no longer exists.").

Particularly, Zheng argues that some of the emergency orders specifically excluded the deadline for perfecting appeals from the general granting of authority

11

to extend deadlines.[2] *E.g.*, *Eighth Emergency Order Regarding COVID-19 State of Disaster*, 597 S.W.3d 844, 844 (Tex. 2020) (stating any deadline for filing or service of any civil case is tolled but "[t]his does not include deadlines for perfecting appeal or for other appellate proceedings"); *see also Cantu*, 2020 WL 6073267, at *5 (interpreting Eighth Emergency Order and concluding order did not extend deadline for perfecting appeal); *Lane v. Lopez*, No. 14-20-00633-CV, 2020 WL 6439689, at *1 (Tex. App.—Houston [14th Dist.] Nov. 3, 2020, pet. denied) (per curiam) (mem. op.) (interpreting Twenty-First Emergency Order, which also specifically excluded deadline for perfecting appeal, and concluding order did not extend deadline for perfecting appeal).

But other orders, like the applicable order in this case, did not exclude the deadline for perfecting appeals. Zheng argues the Supreme Court, by removing that language, expressed an intent to give courts the discretion to extend appellate deadlines by removing that language. But even when interpreting emergency orders without the specific appellate deadline exclusion, courts have still held the emergency orders do not extend jurisdictional deadlines or grant jurisdiction where it does not otherwise exist. *E.g.*, *Davidson*, 653 S.W.3d at 322 (interpreting Twenty-Ninth Emergency Order, which did not exclude appeals, and concluding order did

---

[2]     Zheng's original petition was an appeal to the district court of the appraisal review board's final order regarding the appraised value of his property.

not extend jurisdictional deadline); *Prescod*, 2022 WL 246858, at *5 (interpreting Thirty-Sixth Emergency Order, which did not exclude appeals, and concluding order did not give trial court authority to extend jurisdictional deadline); *Choudry*, 2021 WL 3556660, at *1 n.1 (interpreting Twenty-Sixth Emergency Order, which did not exclude appeals, and concluding order could not extend jurisdictional deadline to grant jurisdiction where it no longer existed); *Quariab*, 2021 WL 960646, at *1–2 (interpreting Twenty-Sixth Emergency Order, which did not exclude appeals, and concluding trial court lacked jurisdiction after plenary power expired and emergency order could not grant jurisdiction to reinstate case).

The Supreme Court's emergency orders gave courts the discretion to extend deadlines where that discretion already existed, but the orders did not create subject matter jurisdiction where it did not already exist. *See, e.g.*, *Choudry*, 2021 WL 3556660, at *1 n.1. Thus, we agree with HCAD that the emergency order applicable to this case did not extend the 60-day jurisdictional deadline.

One day before this appeal was set for submission, Zheng filed an amended brief without leave of court. *See* TEX. R. APP. P. 38.7 ("A brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe."). Generally, "a party must seek leave of court to file an amended or supplemental brief, and the appellate court has some discretion in deciding whether to allow the filing." *Palma v. Harris Cnty. Appraisal Rev. Bd.*, No. 01-17-00705-

CV, 2018 WL 3355052, at *1 (Tex. App.—Houston [1st Dist.] July 10, 2018, pet. denied) (mem. op.) (quoting *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998)). Zheng's amended brief did not raise any new issues not included in his original brief, but it further elaborated his argument that the Supreme Court's emergency orders allowed courts to extend jurisdictional deadlines. HCAD moved to strike the amended brief, but our conclusion on this part of HCAD's sole appellate issue—agreeing with HCAD that the Supreme Court's emergency orders did not allow courts to extend jurisdictional deadlines—renders the motion moot. We therefore dismiss HCAD's motion to strike Zheng's amended brief as moot.

### 3.      *Amended Petitions Did Not Confer Jurisdiction*

Lastly, we consider HCAD's argument that the trial court also lacked subject matter jurisdiction over the claims Zheng added in his amended petitions.

After Zheng filed his original petition for review of his 2020 appraisal, he amended his petition to add claims to review his 2021 and 2022 appraisals. *See* TEX. TAX CODE § 42.21(c) (authorizing property owner to amend original appeal to add appeal of subsequent order). HCAD has not disputed that Zheng timely filed his 2021 and 2022 claims under the 60-day deadline applicable to each of those claims. HCAD argues that, because the trial court lacked jurisdiction over Zheng's original petition, it "was a nullity" that could not create subject matter jurisdiction over any amended petitions. *See Goss*, 391 S.W.3d at 175; *see also San Jacinto River Auth.*

14

*v. Lewis*, 629 S.W.3d 768, 776–77 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (holding that because trial court lacked jurisdiction over plaintiff's original petition it also lacked jurisdiction over claims asserted in amended petition, even though court would have had jurisdiction over new claims if plaintiff had timely filed them).

Zheng asserts that, even if the district court lacked subject matter jurisdiction over his original petition, his amended petitions "fully conferred" jurisdiction on the trial court because he strictly complied with the statutory requirements for each of the newly asserted claims. He relies on Section 42.21(c) of the Tax Code, which provides that when a petition for review is pending, a property owner may appeal subsequent appraisal review board orders by amending the original petition for review to add the new claims. TEX. TAX CODE § 42.21(c).

But Zheng's argument is unavailing. We have already concluded the trial court lacked jurisdiction over his original petition. The relevant time to determine subject matter jurisdiction is when a suit is filed. "At that time, the court either has jurisdiction or it does not. Jurisdiction cannot subsequently be acquired while the suit is pending." *Bell v. Moores*, 832 S.W.2d 749, 754 (Tex. App.—Houston [14th Dist.] 1992, writ denied); *see also Tex. Ass'n of Bus.*, 852 S.W.2d at 446 n.9 (explaining that standing, as one component of subject matter jurisdiction, is determined "at the time suit is filed in the trial court," and relevant concern is "with a party's right to initiate a lawsuit and the trial court's corresponding power to hear

15

the case *ab initio*"); *TJFA, L.P. v. Tex. Comm'n on Env't Quality*, 368 S.W.3d 727, 733 (Tex. App.—Austin 2012, pet. denied) ("[T]the authority of the court to act in the matter is properly invoked by filing a petition alleging a claim falling under the jurisdiction of the court. If the petition does not address a dispute falling under the court's jurisdictional umbrella, then the court does not have subject-matter jurisdiction . . . .").

The trial court did not have jurisdiction over Zheng's original petition. Therefore, it could not later acquire jurisdiction over either his original claim or the claims added by his amended petitions, even though the latter claims were timely filed. *See Bell*, 832 S.W.2d at 754; *see also Lewis*, 629 S.W.3d at 776–77; *Goss*, 391 S.W.3d at 175.[3] Because the original petition did not establish the trial court's jurisdiction, the trial court had no power to act, other than to determine that it lacked jurisdiction. *See Goss*, 391 S.W.3d at 173; *see also* TEX. TAX CODE § 42.21(a) ("Failure to timely file a petition bars any appeal under this chapter.").

In sum, we have concluded that (1) Zheng's pleadings and evidence established he did not timely file his original petition, so HCAD did not need to

---

[3] We note that the claims added by the amended petitions in both *Lewis* and *Goss* would have been untimely had they been filed in separate petitions, unlike the claims added by Zheng's amended petitions in this case. *See Lewis*, 629 S.W.3d at 775–76; *Goss*, 391 S.W.3d at 171. However, we still find the reasoning in *Lewis* and *Goss* persuasive; because the original petition did not establish the trial court's jurisdiction, the trial court had no power to act and could not later acquire jurisdiction through amended petitions.

16

prove the date he received notice; (2) the Texas Supreme Court's applicable COVID-19 emergency order did not extend the jurisdictional deadline to file the original petition under Section 42.21 of the Tax Code; and (3) Zheng's original petition did not establish the trial court's subject matter jurisdiction, and thus the trial court also lacked jurisdiction over his amended petitions adding new claims, even though the new claims were timely. For these reasons, we conclude the trial court erred in denying HCAD's plea to the jurisdiction, and we sustain HCAD's sole issue on appeal.

Because Zheng's pleadings and evidence affirmatively negated jurisdiction, the trial court should have granted HCAD's plea to the jurisdiction and did not need to give Zheng an opportunity to amend his pleadings. *Miranda*, 133 S.W.3d at 227. Therefore, we must dismiss Zheng's claims because the trial court was without subject matter jurisdiction to decide them. But our dismissal is without prejudice to Zheng's right, if any, to file or refile timely claims, and we express no opinion as to the availability or viability of any future claims. *See San Jacinto River Auth. v. Ogletree*, 594 S.W.3d 833, 842–43 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (reversing trial court's order denying plea to jurisdiction, rendering judgment dismissing claims, but noting dismissal was without prejudice as to any viable future claims).

## CONCLUSION

Because Zheng did not timely file a petition for review under Section 42.21 of the Tax Code, which is a jurisdictional bar, the trial court erred in denying HCAD's plea to the jurisdiction. We therefore reverse the trial court's order denying HCAD's plea to the jurisdiction and render judgment dismissing Zheng's claims for lack of subject matter jurisdiction.

Gordon Goodman
Justice

Panel consists of Justices Goodman, Countiss, and Farris.